United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-41030

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RONALD GARCIA

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas, Laredo

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PRADO, Circuit Judge:

Defendant-appellant Ronald Garcia appeals his judgment of conviction and sentence, arguing that: (1) the statute under which he was convicted, 21 U.S.C. § 841, is facially unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000); and (2) the district court erred in concluding that his prior conviction for third-degree assault in Colorado qualifies as a crime of violence under the career offender provisions of the United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 (2004). For the following reasons, we AFFIRM Garcia's

-1-

conviction, VACATE his sentence, and REMAND for development of the record and resentencing.

## I. BACKGROUND

On February 8, 2005, pursuant to an oral plea agreement, Garcia pleaded guilty to possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). In the presentence report ("PSR"), the probation officer recommended a base offense level of thirty pursuant to U.S.S.G. § 2D1.1. The PSR also included a recommendation to increase the base offense level to thirty-four because it concluded that two of Garcia's prior convictions in Colorado constituted crimes of violence and thus qualified Garcia as a career offender under U.S.S.G. § 4B1.1. After receiving a three-level reduction for acceptance of responsibility, Garcia's total offense level was thirty-one. This offense level, combined with a Category VI criminal history score, resulted in a sentencing range of 188 to 235 months.

The district court adopted the recommendations contained in the PSR and sentenced Garcia to 188 months in prison and five years of supervised release. Garcia timely appealed.[1]

## II. DISCUSSION

A. <u>Constitutionality of 21 U.S.C. § 841</u>

---

[1] Pursuant to his oral plea, Garcia did not waive his right to appeal.

Garcia argues for the first time on appeal that the statute under which he was convicted, 21 U.S.C. § 841(a) and (b), is facially unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). As he correctly concedes, this claim is foreclosed by circuit precedent. See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2002) (rejecting the argument that Apprendi rendered the provisions of § 841 facially unconstitutional). He raises the issue only to preserve it for possible review by the Supreme Court. Accordingly, we affirm his conviction.

B.    Career Offender Enhancement Under U.S.S.G. § 4B1.1

Garcia also objects to the classification of one of his prior convictions as a crime of violence and thus to his career offender enhancement under U.S.S.G. § 4B1.1.[2] Specifically, he contends that his prior conviction for third-degree misdemeanor assault in Colorado is not a crime of violence because the Colorado assault statute does not require as an element the use, attempted use, or threatened use of physical force and because the offense does not involve conduct that presents a serious potential risk of physical injury. Put another way, he argues that third-degree assault in Colorado can be committed without physical injury or physical contact of any type.

Because Garcia failed to raise this issue in the district

---

[2] Garcia does not challenge the fact that his prior conviction for burglary of a dwelling qualifies as a crime of violence for purposes of § 4B1.1.

court, we review for plain error. See United States v. Gonzalez-Chavez, 432 F.3d 334, 336 (5th Cir. 2005). To establish plain error, the defendant must show that (1) there is an error, (2) the error is clear or obvious, and (3) the error affected his substantial rights, i.e., the error affected the outcome of the district court proceedings. Id. If these factors are established, this court may exercise its discretion to correct the error only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Id. at 336-37 (quoting United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002)).

A defendant is a career offender and subject to an enhanced sentence under the Guidelines if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).[3] For purposes of the career offender guideline, a crime of violence is any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that either: "(1) has as an element the use, attempted use, or threatened use of physical force against the person of

---

[3] There is no dispute that Garcia was over eighteen years old at the time of the instant offense or that the instant offense is a felony that is a controlled substance offense for purposes of U.S.S.G. § 4B1.1.

-4-

another, or (2) is burglary of a dwelling, arson, or extortion,
. . . or otherwise involves conduct that presents a serious
potential risk of physical injury to another."  U.S.S.G.
§ 4B1.2(a)(1)-(2).[4]

The inquiry under § 4B1.2(a)(1) focuses on the <u>elements</u> of
the crime, not the defendant's actual conduct in committing the
offense.  <u>See</u> <u>United States v. Calderon-Pena</u>, 383 F.3d 254, 257
(5th Cir. 2004) (en banc).  The elements of the crime come from
the statute of conviction, not from the particular manner or
means in which the statute was violated.  <u>See</u> <u>id.</u>  Thus, "the
statute of conviction, not the defendant's underlying conduct, is
the proper focus."  <u>Id.</u>

The Colorado statute under which Garcia was convicted
provides:

> A person commits the crime of assault in the third degree
> if he knowingly or recklessly causes bodily injury to
> another person or with criminal negligence he causes
> bodily injury to another person by means of a deadly
> weapon.

---

[4]  The commentary to § 4B1.2 further explains that:
"Crime of violence" includes murder, manslaughter,
kidnapping, aggravated assault, forcible sex offenses,
robbery, arson, extortion, extortionate extension of
credit, and burglary of a dwelling.  Other offenses are
included as "crimes of violence" if (A) that offense has
as an element the use, attempted use, or threatened use
of physical force against the person of another, or (B)
the conduct set forth (<u>i.e.</u>, expressly charged) in the
count of which the defendant was convicted involved use
of explosives (including any explosive material or
destructive device) or, by its nature, presented a
serious potential risk of physical injury to another.
U.S.S.G. § 4B1.2, cmt. n.1.

COLO. REV. STAT. § 18-3-204 (1999). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical or mental condition." Id. § 18-1-901(3)(c). On its face, the Colorado assault statute, and in turn the elements of the crime, does not require any use, or threatened or attempted use, of physical force. See id. § 18-3-204; see also United States v. Perez-Vargas, 414 F.3d 1282, 1286 (10th Cir. 2005) (recognizing that there are several examples of third-degree assault in Colorado that would not use or threaten the use of physical force, such as intentionally placing a barrier in front of a car to cause an accident or intentionally exposing someone to hazardous chemicals). Where some (though not all) methods of violating a statute do not require the use, attempted use, or threatened use of physical force against the victim, "the statute therefore does not have, as an element, the use of physical force against the person of another." United States v. Sarmiento-Funes, 374 F.3d 336, 341 (5th Cir. 2004).

Although we have not previously considered whether a conviction under the Colorado third-degree assault statute qualifies as a crime of violence pursuant to U.S.S.G. § 4B1.2(a)(1), our conclusion that it does not comports with a recent decision from the Tenth Circuit, in which the court held that Colorado's third-degree assault statute "does not necessarily include the use or threatened use of 'physical force'

-6-

as required by the Guidelines." Perez-Vargas, 414 F.3d at 1287.[5]

Because some methods of violating the Colorado third-degree assault statute do not require the use, attempted use, or threatened use of physical force against the person of another, Garcia's prior conviction in Colorado for third-degree assault does not qualify as a crime of violence under § 4B1.2(a)(1).

We are still left to decide whether Garcia's third-degree assault in Colorado involved conduct that presented a serious potential risk of physical injury to another, thus qualifying as a crime of violence under U.S.S.G. § 4B1.2(a)(2). Under § 4B1.2(a)(2), "a categorical approach is taken to determine whether the charged count of conviction, by its nature, presented a serious potential risk of physical injury." United States v. Insaulgarat, 378 F.3d 456, 467 (5th Cir. 2004). "[A] crime is a crime of violence under § 4B1.2(a)(2) only if, from the face of the indictment, the crime charged or the conduct charged presents a serious potential risk of injury to a person." United States v. Charles, 301 F.3d 309, 314 (5th Cir. 2002) (en banc) (emphasis added). "Physical injury need not in fact result, but the indictment must make it clear that the crime charged in fact posed the risk." Insaulgarat, 378 F.3d at 467.

---

[5] In Perez-Vargas, the Tenth Circuit was considering a sentence enhancement to illegal reentry under U.S.S.G. § 2L1.2, but that guideline's commentary contains identical language to the force-as-an-element prong found in § 4B1.2(a)(1). Cf. Sarmiento-Funes, 374 F.3d at 340 n.5.

We do not have the Colorado state indictment in the record before us; consequently, we cannot identify with legal certainty under which portion of the Colorado assault statute Garcia was convicted.[6] We therefore are unable to determine whether his career offender enhancement is sustainable under U.S.S.G. § 4B1.2(a)(2). The government requests that this court remand to the district court for supplementation of the record to include the charging instrument, and Garcia does not oppose this request. Accordingly, we vacate Garcia's sentence and remand to the district court for supplementation of the record and resentencing. See United States v. Bonilla-Mungia, 422 F.3d 316, 321-22 (5th Cir. 2005) (vacating sentence and remanding for supplementation of the record and resentencing where the court could not determine whether a crime of violence enhancement was proper). In doing so, we follow this circuit's well-established precedent, which "require[s] that for this part of the [§ 4B1.2(a)(2)] analysis, we consider only the conduct charged in

---

[6] Although the plea colloquy and sentencing transcript are in the record, they do not help us identify which elements of third-degree assault were involved in Garcia's case. Cf. Shepard v. United States, 544 U.S. 13, 16 (2005) (holding that in determining the character of an offense in the context of applying the Armed Career Criminal Act, the court is "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"); Calderon-Pena, 383 F.3d at 258-60 (holding that whenever a statute has alternative methods of commission, the court "may look to charging papers to see which of the various statutory alternatives are involved in the particular case").

the count of which the defendant was convicted." United States v. Turner, 305 F.3d 349, 351 (5th Cir. 2002) (stating that the court "must remand for resentencing" where "[t]he charging instrument pertaining to defendant's prior conviction is not in the record").[7]

On remand, the district court should order the government to supplement the record with the charging documents that might establish to which elements of third-degree assault in Colorado Garcia pleaded guilty and whether the crime charged or the conduct charged presented a serious potential risk of injury to a person. Once the government has supplemented the record, the district court should reconsider whether the career offender enhancement is warranted under U.S.S.G. § 4B1.1. In making this determination, the district court is not bound by the Guidelines. The district court must nonetheless consider the applicable offense category and sentence range under the Guidelines and our post-Booker precedent, and it should clearly state its reasons for the sentence it ultimately imposes.

---

[7] Unlike the Tenth Circuit's decision in United States v. Paxton, 422 F.3d 1203 (10th Cir. 2005), we do not decide in this case whether third-degree assault in Colorado constitutes a crime of violence under U.S.S.G. § 4B1.2(a)(2). Instead, pursuant to Fifth Circuit law, we remand this case to the district court for supplementation of the record, recognizing that we need the indictment to answer that question. See Turner, 305 F.3d at 351. Because we leave for another day the question of whether third-degree assault in Colorado is a crime of violence under § 4B1.2(a)(2), this decision does not conflict with the Tenth Circuit.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM Garcia's judgment of conviction as imposed by the district court, VACATE Garcia's sentence, and REMAND for development of the record and resentencing.

AFFIRMED IN PART; VACATED IN PART; and REMANDED.

EDITH H. JONES, Chief Judge, dissenting:

The majority holds that Garcia's previous conviction under the Colorado third-degree assault statute, COLO. REV. STAT. § 18-3-204, does not necessarily qualify as a crime of violence. See U.S.S.G. §§ 4B1.2(a), 2L1.2, cmt. n.1(B)(iii). While I would agree with the majority's analysis if this court were bound to apply solely the Fifth Circuit's "categorical approach" line of cases, I do not think we can blind ourselves to on-point Tenth Circuit decisions construing precisely the statute here at issue. For this reason, I respectfully dissent.

I agree with the majority's conclusion that the Colorado third-degree assault statute does not require the "use of physical force" as an element of the offense. The Tenth Circuit recognized as much in United States v. Perez-Vargas, 414 F.3d 1282, 1286 (10th Cir. 2005). However, the majority disregards the Tenth Circuit's later holding that a conviction under § 18-3-204 qualifies as a crime of violence because it "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2); see United States v. Krejcarek, 453 F.3d 1290 (10th Cir. 2006); United States v. Paxton, 422 F.3d 1203 (10th Cir. 2005). In Paxton, the Tenth Circuit held that "a conviction under [the Colorado third-degree assault statute] is a crime of violence under U.S.S.G. § 4B1.2(a)(2) because the conduct necessary to sustain the conviction presents a serious risk of physical injury

-11-

to another." Id. at 1207; see also Krejcarek, 453 F.3d at 1295 (reaffirming Paxton and stating that "it is clear that a third degree assault presents risk of physical injury").

Instead of following these precedents, the majority remands to supplement the record with state court conviction documents. The Tenth Circuit rejected this approach in Paxton in concluding that a conviction under § 18-3-204 qualifies as a crime of violence under U.S.S.G. § 4B1.2(a)(2). See Paxton, 422 F.3d at 1207 ("Nothing in the record informs us whether the bodily injury in Mr. Paxton's prior offense was physical or mental."); see also Krejcarek, 453 F.3d at 1295 (rejecting defendant's argument that his prior convictions did not involve the use of force because "the possibility that a crime may be completed without injury is irrelevant to the determination of whether it constitutes a crime of violence within the meaning of § 4B1.2").

The majority elects to be bound by this court's categorical approach methodology rather than by direct holdings of a sister circuit. This is a highly peculiar result. It virtually assures that criminal defendants with precisely the same conviction records will be treated differently under the Sentencing Guidelines depending on the circuit where they are caught. Further, reasonable judges can disagree whether Colorado's assault statute involves conduct that poses a potential serious risk of physical injury to another. In holding otherwise, the majority undermines precisely the uniformity and ease of application that the Supreme

Court's <u>Taylor</u>[1] decision envisioned.

Finally, the majority's decision has created an intercircuit conflict, notwithstanding the disclaimer added in footnote seven of their opinion. The Tenth Circuit rejected resort to extrinsic offense-specific papers as a requirement of proving that a conviction under Colorado's assault statute is a crime of violence. Perhaps, on remand, the government will be able to satisfy the majority's evidentiary standard. From the government's standpoint, however, and from the disparate results defendants will encounter, our circuits are split.

I would affirm the sentence based on the Tenth Circuit decisions. Consequently, I respectfully dissent.

---

[1] <u>Taylor v. United States</u>, 495 U.S. 575, 110 S. Ct. 2143 (1990).