# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2007

Charles R. Fulbruge III
Clerk

No. 06-41593
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

DARIO RAMOS-GUERRERO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-104-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dario Ramos-Guerrero appeals his sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). Ramos-Guerrero contends that the district court erred in applying a 16-level increase to his offense level based on its finding that his 1999 Nebraska conviction for manslaughter was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Government concedes that the record is not sufficient to establish whether Ramos-Guerrero's prior conviction for manslaughter under Nebraska law was a crime of violence for purposes of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement under § 2L1.2. In light of the Government's concession, Ramos-Guerrero requests that the matter be remanded for resentencing with respect to the application of the § 2L1.2 enhancement.

After reviewing the record, we agree with the parties that a remand is appropriate. See United States v. Garcia, 470 F.3d 1143, 1146 (5th Cir. 2006). Accordingly, we vacate Ramos-Guerrero's sentence and we remand for development of the record and resentencing. See id. Ramos-Guerrero's motion to expedite is granted.

Ramos-Guerrero also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. Ramos-Guerrero's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Ramos-Guerrero properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED; MOTION GRANTED.