# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-20442
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OLUYOMI TEMITOPE AKINOSHO, also known as Louis Malcolm Clark

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-409-1

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Oluyomi Temitope Akinosho pled guilty to a three-count indictment charging him with making a false statement in a passport application (Count 1), making a false claim of United States citizenship (Count 2), and fraud in connection with identification documents (Count 3). See 18 U.S.C. §§ 911, 1029(a)(3) & 1542. Akinosho appeals the sentences imposed following his guilty plea convictions. He argues that the district court erred in its application of U.S.S.G. §§ 3C1.1, 3B1.1, and 2B1.1 and that the sentences imposed for Counts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1 and 2 of his indictment represented upward departures from the Guidelines and were unreasonable non-guidelines sentences.

We review the procedural soundness and substantive reasonableness of Akinosho's sentences under the abuse-of-discretion standard of review. See Gall v. United States, 128 S. Ct. 586, 597 (2007). We review Akinosho's challenge to the sentencing enhancements under the Guidelines for clear error. See United States v. De Jesus-Ojeda, 515 F.3d 434, 442 (5th Cir. 2008). The presentence report (PSR) is considered reliable and may be considered as evidence by the court when making sentencing determinations. See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995). "The defendant bears the burden of demonstrating that information the district court relied on in sentencing is 'materially untrue.'" United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996).

Section 3C1.1 provides for a two-level increase to an offense level if the defendant obstructed or impeded the administration of justice. Akinosho argues that application of the Section 3C1.1 enhancement in his case was improper in connection with the guidelines calculations for Counts 1, 2, and 3. The district court grouped Akinosho's three counts pursuant to U.S.S.G. § 3D1.4. Pursuant to Section 3D1.4(c), the adjusted offense levels for Counts 1 and 2 were disregarded in computing the adjusted combined offense level for the grouped counts. Thus, even if the Section 3C1.1 enhancement was erroneous in connection with Counts 1 and 2, it is not reversible error. See United States v. Sidhu, 130 F.3d 644, 652 (5th Cir. 1997).

With respect to its application of a Section 3C1.1 enhancement to the adjusted offense level for Count 3, the district court did not clearly err in basing the enhancement upon Akinosho's production of false identification documents during a search of his residence. Akinosho did not offer any evidence during the sentencing hearing to rebut the statement in the PSR that, during the search, he voluntarily directed the agents to a false New Jersey birth certificate. See Davis, 76 F.3d at 84; § 3C1.1, comment. (n.4(c)).

Akinosho argues for the first time before this court that his statements to the agents during the search were not material and that his statements did not significantly impede or obstruct the agents' investigation. This argument is reviewed for plain error. See United States v. Garcia, 470 F.3d 1143, 1146 (5th Cir. 2006). As the materiality of Akinosho's statements and whether his statements impeded or obstructed the agents' investigation are questions of fact that could have been resolved by the district court upon proper objection at the sentencing hearing, there is no plain error with respect to the district court's application of the Section 3C1.1. enhancement based upon Akinosho's statements to the agents during the search. See § 3C1.1, comment. (n.4(g)); United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991).

Akinosho argues that the Section 3C1.1 enhancement was impermissible double counting because it punished him for the same conduct punished by his conviction under 18 U.S.C. § 1028(a)(3) (Count 3) for fraud in connection with identification documents. This argument, which was not raised below, is also reviewed for plain error. See Garcia, 470 F.3d at 1146.

The text of Section 3C1.1 and the accompanying commentary do not prohibit application of the enhancement where the defendant is also convicted of fraud in connection with identification documents. See United States v. Calbat, 266 F.3d 358, 364 (5th Cir. 2001), citing United States v. Box, 50 F.3d 345, 359 (5th Cir. 1995). Moreover, as Akinosho points to no case law from this circuit that would support his argument, he cannot establish plain error. See United States v. Webster, 162 F.3d 308, 357-58 (5th Cir. 1998).

Akinosho argues that the district court erred in applying a Section 3B1.1(a) aggravating role enhancement to his offense level for Count 3. Specifically, he argues that the Government failed to show that two of the five people who were named in the PSR as participants in his criminal activity, namely his wife and Adetunji Osinulu, were criminally responsible for the offense. Akinosho did not argue below that Osinulu was not a knowing

participant for purposes of Section 3B1.1(a). Because the extent of Osinulu's involvement in the criminal activity was a question of fact capable of resolution by the district court upon proper objection at sentencing, there was no plain error in the district court's finding that Osinulu was a participant in the criminal activity. See Lopez, 923 F.2d at 50.

In addition, the district court's application of the Section 3B1.1(a) enhancement was not clearly erroneous. Akinosho did not rebut the facts stated in the PSR connecting his wife to his criminal activity, and he did not assert that his wife was a duped, innocent person in connection with his criminal activity. Accordingly, a finding that Akinosho's wife was a participant in the criminal activity was plausible in light of the record as a whole and was not clearly erroneous. See De Jesus-Ojeda, 515 F.3d at 442. Alternatively, the enhancement was not clearly erroneous because it is plausible, based upon the record as a whole, that Akinosho's criminal activity was, for purposes of Section 3B1.1(a), "otherwise extensive." See United States v. Le, 512 F.3d 128, 134 (5th Cir. 2007); United States v. Allibhai, 939 F.2d 244, 252-53 (5th Cir. 1991).

Akinosho argues that the district court should not have included in the loss amount attributable to him under Section 2B1.1(b) the $440,793 that he charged on American Express credit cards using a false identity. He argues that the PSR and the Government relied on unreliable hearsay from an employee of American Express that it suffered a loss.

Although Akinosho stated that he paid his credit card bills until the start of his legal troubles, he did not present any evidence to rebut the information from American Express that it suffered a $440,793 loss. Accordingly, Akinosho did not carry his burden of demonstrating that information upon which the district court relied on in sentencing was materially untrue, and there is no clear error with respect to the district court's application of Section 2B1.1(b). See Davis, 76 F.3d at 84.

Akinosho argues that his 18-month sentences for Counts 1 and 2 exceeded the applicable guidelines range for those counts because the adjusted offense levels of 10 for those counts, when combined with a criminal history category of II, yielded a guidelines range of 8 to 14 months. He also argues that the district court failed to recognize that it was imposing the non-guideline sentences and failed to give adequate reasons for imposing the non-guidelines sentences.

Because, as noted above, the adjusted offense levels for Counts 1 and 2 were disregarded in determining the combined offense level for the grouped counts, Akinosho's argument is without merit. Moreover, the district court properly determined Akinosho's "total punishment" for the multiple-count case pursuant to U.S.S.G. § 5G1.2(d). See also § 5G1.2, comment. (n.1); United States v. Runyun, 290 F.3d 223, 251-52 (5th Cir. 2002). As Akinosho has not shown that the district court erred with regard to his sentences for Counts 1 and 2 and because his sentences for the three counts fell within the properly calculated guidelines range, they are presumptively reasonable. See Gall, 128 S.Ct. at 597; Rita v. United States, 127 S.Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Akinosho's sentences are AFFIRMED.