KING, Circuit Judge,
concurring in the judgment:
I agree with Judge Jolly that Lipscomb’s offense of conviction (his instant offense) — being a felon in possession, in violation of 18 U.S.C. § 922(g)(1) — was a “crime of violence,” as defined by U.S.S.G. § 4B1.2(a)(2). Accordingly, I concur in the judgment affirming his sentence. However, I write separately for two reasons. First, I write to clarify my agreement with Judge Jolly that an elements-based categorical approach is inappropriate here. Second, I explain my disagreement with my colleagues’ determination that the district court erred when it made a post-plea factual finding to determine that the gun Lipscomb possessed was a sawed-off shotgun as described in 26 U.S.C. § 5845(a).[1] Unlike my colleagues, I conclude that the district court committed no error in making that determination through a factual finding at sentencing.
In reaching his conclusion that a felon-in-possession conviction is not a crime of violence under § 4B1.2(a)(2), Judge Stewart applies the categorical approach outlined in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and its progeny. Under that approach, a sentencing court may “look only to the fact of conviction and the statutory definition of the ... offense,” id. at 602, 110 S.Ct. 2143, except that, “whenever a statute provides a list of alternative methods of commission ... [,] we may look to charging papers to see which of the various statutory alternatives are involved in the particular case,” United States v. Calderon-Pena, 383 F.3d 254, 258 (5th Cir. 2004) (en banc) (per curiam). In making this determination where the conviction was reached by plea, “we may consider the statement of factual basis for the charge, a transcript of the plea colloquy or written plea agreement, or a record of comparable findings of fact adopted by the defendant upon entering the plea regarding the ... offense[].” United States v. Mohr, 554 F.3d 604, 607 (5th Cir.2009) (citing Shepard v. United States, 544 U.S. 13, 20, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)). Because 18 U.S.C. § 922(g)(1) forbids a felon such as Lipscomb from possessing any firearm, there is no “statutory alternative[ ]” forbidding only the possession of a sawed-off shotgun as described in 26 U.S.C. § 5845(a)(l)-(2). Accordingly, under Judge Stewart’s view, there is no element of a § 922(g)(1) offense that presents a serious risk of physical injury to another, *480 and being a felon in possession is thus not a crime of violence.
However, Judge Stewart’s categorical approach cannot be the correct result because it is plainly inconsistent with the Application Notes following § 4B1.2. Those Application Notes unequivocally state that “[ujnlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (e.g., a sawed-off shotgun ...) is a ‘crime of violence,’ ” U.S.S.G. § 4B1.2 cmt. n. 1 (emphasis added), and that the term “does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a),” id. (emphasis added). This commentary is authoritative on the subject. Stinson v. United States, 508 U.S. 36, 42-43, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993); United States v. Williams, 610 F.3d 271, 293 n. 29 (5th Cir.2010) (“Commentary contained in U.S.S.G. application notes is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.” (internal quotation marks omitted)). And for this commentary to have any meaningful effect,[2] it must be possible in at least some instances for a felon-in-possession conviction to constitute a crime of violence. But Judge Stewart’s approach precludes that result; following his method would mean that a felon-in-possession conviction under 18 U.S.C. § 922(g)(1) — prior or instant— could never be classified as a crime of violence, no matter whether the gun possessed was a sawed-off shotgun as described in 26 U.S.C. § 5845(a)(l)-(2).
Nor is Judge Stewart’s approach compelled by our precedent. In Calderon-Pena, we addressed whether a prior conviction for child endangerment under Texas law was a “crime of violence” under U.S.S.G. § 2L1.2(b) by “‘halving] as an element the use, attempted use, or threatened use of physical force against the person of another.’ ” 383 F.3d at 256 (quoting U.S.S.G. § 2L1.2 cmt. n. l(B)(ii) (2001)).[3] We reasoned that the “as an element” language required us to “look [solely] to the elements of the crime, not to the defendant’s actual conduct in committing it.” Id. at 257. Although the manner and means of Calderon-Pena’s offense involved the use of physical force, we concluded that none of the statutory alternatives contained within the Texas definition of child endangerment had as an element the required use, attempted use, or threatened use of physical force. Id. at 260. In reaching this conclusion, we specifically compared the language at issue in § 2L1.2 to that in § 4B1.2(a). See id. at 258 n. 6. We indicated that an elements-based approach was appropriate for § 4B1.2(a)(l) because it used the language “as an element,” while the manner and means of *481 committing an offense could properly be considered under § 4B1.2(a)(2) because the latter provision used the phrase “involves conduct.” IdL[4]
We applied Calderon-Pena’s discussion of § 4B1.2(a)(l) to an offense of conviction in United States v. Guevara, 408 F.3d 252 (5th Cir.2005). We concluded that Guevara’s offense of threatening to use a weapon of mass destruction, in violation of 18 U.S.C. § 2332a, was a crime of violence under § 4B1.2(a)(l) because it had, as an element, the threatened use of physical force. Id. at 259-60. We expressly declined to determine whether that instant offense would have qualified as a crime of violence under § 4B1.2(a)(2). See id. at 259 (“Because Guevara’s conviction qualifies as a ‘crime of violence’ under § 4B1.2(a)(l), we express no opinion as to whether it would qualify under § 4B1.2(a)(2).”); id. at 260 n. 6 (“We decline to engage in the more complicated analysis under § 4B1.2(a)(2), which under the ‘otherwise clause’ would require us to consider risk posed by hypothetical conduct.”). As Judge Jolly notes, the Guevara court also indicated in dicta that a categorical approach would similarly be appropriate when applying § 4B 1.2(a)(2) to instant offenses. Id. at 261-62.[5]
In my view, district courts are not limited to a strict, elements-based categorical approach when applying § 4B1.2(a)(2) to an instant offense. The relevant text refers to a defendant’s “conduct” rather than to any particular “element” of the crime. Compare U.S.S.G. § 4B1.2(a)(l) (“has as an element ... ”) with U.S.S.G. § 4B1.2(a)(2) (“involves conduct ...”). I therefore agree with the Calderon-Pena court’s discussion that this is a meaningful distinction. Thus, at a minimum, district courts may consider the sources of information deemed acceptable under the modified categorical approach articulated in Shepard.[6] In that case, the Supreme *482 Court held that guilty pleas may establish predicate offenses under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e),[7] and indicated that a sentencing court was free to look to the transcript of plea colloquy or written plea agreement in determining “whether the plea had ‘necessarily’ rested on the fact” qualifying the conviction as a predicate offense. Shepard, 544 U.S. at 21, 125 S.Ct. 1254; see also Taylor, 495 U.S. at 602, 110 S.Ct. 2143 (indicating that a conviction could be narrowed “where a jury was actually required to find all the elements” qualifying the conviction as a predicate offense). Following Shepard, then, we should at least determine whether the district court could properly consider anything that “necessarily” established that Lipscomb possessed a sawed-off shotgun as described in 26 U.S.C. § 5845(a)(l)-(2).
Judge Jolly concludes that Lipscomb, by pleading guilty to the indictment, also pleaded guilty to the dimensions of the firearm at issue. I agree with the general proposition that a defendant’s plea may establish, for purposes of § 4B1.2(a)(2), the fact that a firearm is of the requisite length under 26 U.S.C. § 5845(a)(l)-(2). However, I disagree with Judge Jolly’s conclusion that Lipscomb’s plea sufficiently established that fact.
There is no dispute that the indictment specifically charged Lipscomb with possessing a weapon with the characteristics of a sawed-off shotgun as described in 26 U.S.C. § 5845(a)(l)-(2).[8] Nevertheless, at no point did Lipscomb specifically admit that the firearm he possessed had the characteristics that would bring it within the description contained in 26 U.S.C. § 5845(a)(l)-(2). He submitted a factual resume that admitted to the model, gauge, and serial number, but did not mention the length of the firearm or its barrel. At the plea colloquy, Lipscomb waived his right to have the indictment read to him, and those details were not read. The district court then asked Lipscomb whether he understood that he was “charged with one count of being a felon in possession of a firearm; that is, a model 88 20 gauge shotgun commonly known as a sawed-off shotgun?” Lipscomb replied affirmatively, but this exchange did not involve any discussion of length — the characteristic that can bring a firearm within the ambit of 26 U.S.C. § 5845(a)(l)-(2). Lipscomb also admitted to each of the elements of 18 U.S.C. § 922(g)(1), but, again, the length of the firearm and its barrel were not mentioned. As a result, at sentencing, the district court expressly declined to find that the length aspect had been established through Lipscomb’s plea, instead opting to make that determination by means of a factual finding based on testimony presented at sentencing.[9] It is for this reason *483 that I cannot agree with Judge Jolly’s conclusion that Lipscomb pleaded guilty to the length of the firearm when he pleaded guilty to the indictment.[10]
While I agree with Judge Jolly’s conclusion that Lipscomb’s sentence should be affirmed, I disagree with his view that the district court committed error (albeit harmless) by determining the length of the firearm through a factual finding at sentencing. Instead, I conclude that the district court was empowered to make the post-conviction factual finding that the firearm Lipscomb possessed was of the requisite length under 26 U.S.C. § 5845(a)(l)-(2). “Elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt. Sentencing factors, on the other hand, can be proved to a judge at sentencing by a preponderance of the evidence.” United States v. O’Brien, — U.S. -, 130 S.Ct. 2169, 2174, 176 L.Ed.2d 979 (2010) (citations omitted); see also United States v. Mares, 402 F.3d 511, 519 (5th Cir.2005) (“The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range .... ”). Here, the panel has unanimously rejected the proposition that the characteristics set out in 26 U.S.C. § 5845(a)(1)-(2) are elements of 18 U.S.C. § 922(g)(1). As a general matter, then, there was no obstacle to the district court making a factual finding as to the length of the firearm Lipscomb possessed.[11]
Nor would we be the first circuit to permit such fact-finding under § 4B1.2(a)(2). In United States v. Riggans, the Tenth Circuit was faced with an instant offense of bank larceny. 254 F.3d 1200, 1203 (10th Cir.2001). The defendant had committed the crime in a manner that “present[ed] a serious potential risk of physical injury to others,” but he argued “that the district court was required to evaluate bank larceny only in the abstract.” Id. The district court rejected that contention and considered the underlying facts of the offense. Id. On appeal, the Tenth Circuit affirmed, concluding that the justification for the categorical approach — avoiding ad hoc mini-trials over past convictions — was absent “ ‘when the court is examining the conduct of the de *484 fendant in the instant offense.’” Id. at 1204 (quoting United States v. Walker, 930 F.2d 789, 794 (10th Cir.1991), superseded on other grounds as stated in Stinson v. United States, 508 U.S. 36, 39 n. 1, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993)). Accordingly, the district court had not erred in undertaking a conduct-specific inquiry into the facts of conviction during sentencing. Id.[12]
I agree with that conclusion,[13] and I would hold here that a district court, after accepting a defendant’s plea of guilty to the charge of being a felon in possession, may make a factual finding as to the characteristics of the firearm possessed, provided that those characteristics were charged in the indictment. This approach is consistent with the Supreme Court’s decision in Taylor, which discussed three factors supporting a categorical approach to the 18 U.S.C. § 924(e) crime-of-violence determination for prior convictions: (1) statutory language; (2) legislative history; and (3) “the practical difficulties and potential unfairness” of ad hoc mini-trials. 495 U.S. at 600-01, 110 S.Ct. 2143. Here, those factors weigh in favor of allowing the district court to make a factual finding as to the characteristics of the firearm Lipscomb possessed. First, the statutory language refers to “conduct” rather than “elements.” See Calderon-Pena, 383 F.3d at 258 n. 6. Second, the Application Notes were specifically amended to make possession of a firearm with the characteristics set forth in 26 U.S.C. § 5845(a) a crime of violence — something not possible under a straightforward categorical approach. See U.S.S.G. supp. app. C, amend. 674, at 134. Finally, there is no danger of an ad hoc mini-trial when the conduct at issue was charged in the indictment for the instant conviction. See Riggans, 254 F.3d at 1203-04. Thus, the factors that weighed against factual findings in Taylor weigh in support of them here.
For the foregoing reasons, I concur in the judgment.

. This category of weapon is defined to include "(1) a shotgun having a barrel or barrels of less than 18 inches in length; [and] (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length.” 26 U.S.C. § 5845(a)(l)-(2). The weapon Lipscomb possessed satisfied these criteria; the issue is whether the district court properly determined that fact.

. Judge Stewart indicates that there are state crimes expressly forbidding possession by felons of sawed-off shotguns of the dimensions described in 26 U.S.C. § 5845(a)(l)-(2), and that these are the only crimes of violence contemplated by the Application Notes to § 4B1.2. This token gesture gives no effect to the intentions of the drafters, who recognized that “Congress has determined that those firearms described in 26 U.S.C. § 5845(a) are inherently dangerous and when possessed unlawfully, serve only violent purposes.” U.S.S.G. supp. app. C, amend. 674, at 134. The drafters approved of the decisions of “[a] number of courts [that] held that possession of certain of these firearms, such as a sawed-off shotgun, is a 'crime of violence' due to the serious potential risk of physical injury to another person.” Id. The drafters’ obvious goal in amending the Application Notes is undermined by the strained interpretation of § 4B 1.2(a)(2) that would find possession of a sawed-off shotgun to be a crime of violence only where it is a prior state conviction.

. The language in the current version of § 2LI.2 remains unchanged, but it is now located in Application Note l(b)(iii).

. The relevant discussion consisted of the following:
The criminal law has traditionally distinguished between the elements of an offense and the manner and means of committing an offense in a given case. Indeed, the Guidelines themselves recognize such a distinction. Compare U.S.S.G. § 4B1.2(a)(1) (2003) (using "as an element” language), with id. § 4B 1.2 (a)(2) (using the phrase "involves conduct”). The distinction is also recognized in the commentary to § 4B1.2. See id. § 4B1.2, cmt. n. 1 (defining a "crime of violence” as an offense that either “has as an element the use, attempted use, or threatened use of physical force against the person of another”; or where the "conduct set forth ... in the count of which the defendant was convicted ... by its nature, presented a serious potential risk of physical injury to another”).
Calderon-Pena, 383 F.3d at 258 n. 6.

. We are free to disregard dicta from prior panel opinions when we find it unpersuasive. See United States v. Gieger, 190 F.3d 661, 665 (5th Cir. 1999) ("We find this dicta unpersuasive and contrary to section 3Al.l’s text and we choose not to follow it.”). As I explain below, I agree with Judge Jolly that we should do exactly that with regard to this dicta from Guevara.

.District courts are, of course, limited to an elements-based categorical approach in determining whether a prior offense of conviction is a crime of violence under § 4B1.2(a)(l). United States v. Garcia, 470 F.3d 1143, 1147 (5th Cir.2006). They are limited to the modified categorical approach when addressing whether a prior offense of conviction is a crime of violence under § 4B 1.2(a)(2). United States v. Rodriguez-Jaimes, 481 F.3d 283, 286 (5th Cir.2007). In determining whether an instant offense of conviction is a crime of violence under § 4B1.2(a)(l), the Guevara court indicated that a modified categorical approach was appropriate, but it based its decision solely on the elements of the offense at issue. Guevara, 408 F.3d at 259 ("We need not look to the indictment, the facts, or anything other than the statute to determine whether § 2332a contains an element that qualifies Guevara's crime as a crime of violence under the guidelines.”).

. " 'We have previously applied our holdings under the residual clause of the ACCA to analyze the definition of crimes of violence under § 4B1.2, and vice versa.’ ” United States v. Hughes, 602 F.3d 669, 673 n. 1 (5th Cir.2010) (quoting United States v. Mohr, 554 F.3d 604, 609 n. 4 (5th Cir.2009)).

. The indictment charged that Lipscomb possessed "a Harrington and Richardson, model 88, 20 gauge shotgun bearing serial number BA490014, as modified having a barrel of less than 18 inches in length, and overall length of less than 26 inches, a weapon commonly known as a ‘sawed-off’ shotgun.”

.The district court ruled as follows:
I think it is a close question as to whether Mr. Lipscomb admitted the length of the weapon in that plea colloquy. I didn’t ask him specifically the length of the weapon. This could be defined as a sawed-off shotgun in lay terms if it was shorter than as originally manufactured. So I think that is a close question. But I don't have to determine that, because I am determining that I may and did receive evidence today before *483 sentencing the defendant, and that I may consider that in determining what sentence is appropriate. Therefore, I find as a factual matter that it was a sawed-off shotgun. It is a sawed-off shotgun of the dimensions specified in the indictment, and that that means that it is a crime of violence.

. An alternative possibility suggested but not directly addressed by Judge Jolly's opinion is a holding that Lipscomb's act of pleading guilty to the indictment necessarily entailed pleading guilty to all of the facts in the indictment, including the length of the firearm. Our circuit has yet to hold that pleading guilty to an indictment entails an admission of all the facts contained in the indictment, see United States v. Morales-Martinez, 496 F.3d 356, 359 (5th Cir.2007), and, as I explain below, we need not do so here.

. I note that the Application Notes to § 4B1.2 require that conduct elevating an offense to a crime of violence must be charged in the indictment. See U.S.S.G. § 4B1.2 cmt. n. 1 ("Other offenses are included as 'crimes of violence’ if ... the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted ..., by its nature, presented a serious potential risk of physical injury to another.” (emphasis added)); accord United States v. Charles, 301 F.3d 309, 313 (5th Cir.2002) (en banc) (“[I]n determining whether an offense is a crime of violence under § 4B1.2 or § 4B1.1, we can consider only conduct set forth in the count of which the defendant was convicted, and not the other facts of the case.” (internal quotation marks omitted) (quoting United States v. Fitzhugh, 954 F.2d 253, 254 (5th Cir.1992))). Here, the indictment expressly charged Lipscomb with possessing a sawed-off shotgun as described in 26 U.S.C. § 5845(a)(l)-(2).

. The Riggans court also took the broad view that district courts are not limited to conduct charged in the indictment in making § 4B 1.2(a)(2) factual findings at sentencing. 254 F.3d at 1204. As discussed above, this view is in direct conflict with Charles and the Application Notes to § 4B1.2.

. Other circuits disagree. See United States v. Piccolo, 441 F.3d 1084, 1087 (9th Cir.2006) (applying the categorical approach under § 4B 1.2(a)(2) to an instant offense of conviction); United States v. Martin, 215 F.3d 470, 473-74 (4th Cir.2000) (same).