NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2876
_____

UNITED STATES OF AMERICA

v.

STEPHEN McCALL,
            Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00626-001)
District Judge:  The Honorable Timothy J. Savage

Submitted Under Third Circuit L.A.R. 34.1(a)
September 15, 2011

BEFORE:  SLOVITER, SMITH, and NYGAARD, *Circuit Judges*

(Opinion filed:  October 21, 2011)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

Appellant Stephen McCall pleaded guilty, pursuant to a written plea agreement, to

being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Before

entering his plea, however, McCall's counsel requested that McCall undergo a

psychiatric evaluation to determine competency. The subsequent report found McCall competent and, after a lengthy and detailed colloquy, the District Court agreed. The District Court sentenced McCall to, *inter alia*, 180 months of imprisonment.

I.

On appeal, McCall argues that he was not competent to plead guilty and, therefore, the District Court erred by accepting his guilty plea.[1] McCall also argues that the District Court erred by relying on the transcript of a state court sentencing hearing to find him an armed career criminal. We find both issues meritless and will affirm.[2]

A.

We begin with the competency determination, which we review for plain error because McCall did not challenge it in the District Court. *See United States v. Harris*, 471 F.3d 507, 511 (3d Cir. 2006). Under plain error review, we may grant relief only if a District Court committed an error, the error was plain, and the error affected substantial rights. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

Here, the District Judge did not err, much less plainly err by finding McCall competent to plead guilty. Judge Savage patiently and thoroughly questioned McCall about his abilities and mental health during the plea hearing. He questioned McCall as to any questions McCall might have about the charges against him, the possible punishments to be imposed, the constitutional rights he would waive by pleading guilty,

---

[1] McCall is proceeding pro se on appeal.
[2] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

and his educational and health backgrounds---specifically McCall's prior history of mental illness and drug and alcohol addiction.

Further, the District Judge found that McCall displayed sufficient ability to consult with his lawyer and his lawyer testified to the same. This record presents no indication that McCall did not understand the proceedings against him or that his guilty plea was anything other than knowing and voluntary. Neither McCall nor his attorney stated that he was not made aware of the ramifications of all plea provisions or that he did not understand the rights he was waiving. Here, there is no error. The District Court complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure by questioning McCall to ensure both that he was competent to plead guilty, and that he was aware of and understood the ramifications of his guilty plea. This challenge is without merit.

B.

McCall also contends that the District Court improperly applied the Armed Career Criminal Act (ACCA) in determining his sentence.[3] Specifically, McCall argues that the evidence presented by the Government at sentencing was insufficient to establish that two of his four prior offenses required the application of the armed career criminal

---

[3] The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), states, "[i]n the case of a person who violates section 922(g) ... and has three previous convictions ... for a violent felony or a serious drug offense, or both ... such person shall be fined under this title and imprisoned not less than fifteen years." Here, out of a total of four prior offenses, McCall did not contest the applicability of two prior convictions. He challenged the evidence of two others, however, arguing it was not sufficient to find them "serious drug offenses" under the statute.

3

enhancement. "The question of what documents a district court may rely on to determine the nature of a prior conviction and the scope of a district court's authority to make factual findings are questions of law, which we review de novo." *United States v. Howard*, 599 F.3d 269, 271 (3d Cir. 2010) (internal citations omitted).

That a criminal defendant was previously convicted of a crime may be confirmed by the terms of the plea agreement, the charging document, the transcript of the colloquy between judge and defendant, or some other comparable judicial record of this information. *See Shepard v. United States*, 544 U.S. 13, 16 (2005) (holding that inquiry under the Armed Career Criminal Act to determine statutory elements of prior conviction is limited to judicial records and may not include documents that simply purport facts, like police reports). This is not, however, an exhaustive list. *See, e.g., United States v. Siegel*, 477 F.3d 87, 93-94 (3d Cir. 2007). Although *Shepard* does not explicitly state that transcripts of sentencing hearings are admissible, we conclude that the transcript reviewed by the District Court in this case is a "comparable judicial record" of unquestioned reliability. *Shepard*, 544 U.S. at 26. *See also United States v. Ngo*, 406 F.3d 839, 843 (7th Cir. 2005) (stating that, under *Shepard*, the District Court may consider a sentencing transcript, because it has " 'the conclusive significance' of a prior judicial record"); *United States v. Garcia*, 470 F.3d 1143, 1148 n. 6 (5th Cir. 2006) (considering sentencing transcript).

Here, the state bills of information and sentencing orders did not indicate whether McCall's prior offenses were punishable by at least ten years imprisonment. The District Court consulted the transcript of McCall's sentencing for those offenses and learned that

4

McCall's prior drug trafficking offenses carried maximum penalties of ten years imprisonment. At the sentencing hearing, the Common Pleas Court found McCall faced a mandatory minimum sentence, and McCall did not object. The District Court, therefore, correctly reasoned this transcript showed that the state court convicted McCall of a cocaine offense qualifying as an ACCA predicate offense. The District Court did not impermissibly weigh evidence or reach novel conclusions of fact concerning McCall's prior convictions, and therefore did not erroneously apply the mandatory minimum sentence of the ACCA.

These prior offenses were "serious drug offenses" as defined by the ACCA. Like a record of a plea colloquy, the transcript of the sentencing hearings in this case provide a verbatim record of a judicial proceeding conducted in open court. In that transcript, the judge related the applicable maximum penalty (ten years' imprisonment), as well as admissions by McCall to the facts that subjected him to that penalty. Indeed, defense counsel acknowledged in the transcript that McCall's offense involved trafficking cocaine and did not enter any objection. We have held that a "factual record adopted by [a defendant]" is a judicial record upon which a court may rely under *Shepard*. *Siegel*, 477 F.3d at 93.[4] Therefore, the District Court's use of the sentencing hearing transcript in this case does not offend *Shepard*.

---

[4] Although *Siegel* involved a challenge to the Appellant's classification as a career offender under U.S.S.G. § 4B1.1, we analyzed the evidence of the prior conviction under *Shepard, supra.,* and *Taylor v. United States,* 495 U.S. 575 (1990), holding that a district court may rely on a pre-sentence investigation report as a "comparable judicial record" where the defendant was given the opportunity to object to the report's contents and did not do so. *See* 477 F.3d at 93.

## II.

For the reasons set forth above, we will affirm the judgment of conviction and sentence.