ALD-209                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4501
_____

STEPHEN MCCALL,
                                        Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:14-cv-02040)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 21, 2015
Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: June 11, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Stephen McCall appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241. For the following reasons, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2009, McCall pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the District Court classified McCall as a career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),[1] and sentenced him to 180 months of imprisonment. We affirmed his conviction and sentence. See United States v. McCall, 448 F. App'x 221, 222 (3d Cir. 2011) (non-precedential). In doing so, we rejected McCall's argument that his prior convictions in Pennsylvania state court for drug trafficking did not constitute predicate offenses for purposes of sentencing under the ACCA. Id. at 223-24.

In 2012, McCall filed in the sentencing court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 asserting that his right to effective assistance of counsel had been violated on direct appeal. The sentencing court denied the motion on the merits, and we dismissed his appeal because it was untimely filed. See United States v. McCall, C.A. No. 13-1271 (order entered on June 5, 2013).

_____

[1] Section 924(e)(1) provides for an enhanced sentence "[i]n the case of a person who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

McCall then filed in the sentencing court a motion pursuant to Federal Rule of Civil Procedure 60(b), seeking relief from the order denying his § 2255 motion. The sentencing court determined that the Rule 60(b) motion was an unauthorized second or successive motion to vacate, and transferred the motion to this Court.[2] McCall then filed in this Court a complete application to file a second or successive § 2255 motion, which we denied. See In re: Stephen McCall, C.A. No. 14-3676 (order entered on Oct. 3, 2014).

In October 2014, McCall filed in the Middle District, his district of confinement, a § 2241 petition in which he again challenged his sentence as a career criminal offender. McCall explained that he had recently obtained the plea colloquies from his state court proceedings and that they demonstrated that his predicate offenses were non-qualifying drug crimes for purposes of the ACCA enhancement.[3] The District Court dismissed the petition, finding that McCall failed to demonstrate that a motion under § 2255 would be an inadequate or ineffective remedy. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). As the District Court correctly stated, a motion filed

---

[2] Simultaneous with the filing of his Rule 60(b) motion, McCall filed in this Court an application to file a second or successive § 2255 motion relying on Descamps v. United States, 133 S. Ct. 2276, 2282 (2013), and challenging the District Court's application of the modified categorical approach at sentencing. We denied the application because it failed to satisfy the requirements of § 28 U.S.C. § 2255(h). See In re: Stephen McCall, C.A. No. 14-3074 (order entered on Aug. 1, 2014).

under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner may seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle, 290 F.3d at 539.

We have emphasized repeatedly that the "safety valve" provision of § 2255 is extremely narrow and applies only in rare circumstances. For example, in In re Dorsainvil, we permitted a petitioner to proceed under § 2241 because an intervening change in the law decriminalized conduct for which the petitioner had been convicted, and he had no earlier opportunity to challenge his conviction. 119 F.3d at 251. There, the petitioner was in "an unusual situation because [the relevant Supreme Court case] was not yet decided at the time of his first § 2255 motion." Id. at 251-52.

McCall does not argue—and he has not shown—that such a circumstance exists in his case. Moreover, he appears mistaken about the information he presents in support of his claim. Attached to McCall's § 2241 petition are what he describes as plea colloquies. However, they are form checklists rather than transcriptions of conversations with the

---

[3] McCall claimed that at the time of his federal sentencing, prosecutors indicated that the plea colloquies were not available for McCall's predicate sentences because they were

4

court.  Because those checklists do not contain *any* information about the crimes to which McCall pleaded guilty (or the sentences that he received), they in no way undermine the sentencing court's prior determinations.

Given that McCall's petition failed to satisfy § 2255(e)'s safety valve provision, we agree with the District Court's conclusion that it lacked authority under § 2241 to consider McCall's claim.  Accordingly, we will affirm the District Court's order.

---

too old.  McCall stated that he was able to obtain them recently through his own efforts.