NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 09-4519

———


UNITED STATES OF AMERICA

v.

JOHN KING,
also known as "Poor John"

JOHN RUSSELL KING, SR.,
                                        Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-07-cr-00479-013)
District Judge: Hon. John E. Jones, III

———

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2010

Before: SLOVITER, BARRY and SMITH, Circuit Judges

(Filed: September 16, 2010)

———


OPINION

SLOVITER, *Circuit Judge*.

John King pled guilty to one count of use of a communication facility (a telephone) to facilitate a felony drug trafficking offense in violation of 21 U.S.C. § 843(b). He appeals his sentence.

**I.**

In his sentencing memorandum, King challenged the Presentence Investigation Report's ("PSR") recommendation that he be considered a career offender under U.S.S.G. § 4B1.1. He argued that one of the two predicate offenses the Government identified, his 1995 Pennsylvania conviction for simple assault, should not be classified as a crime of violence under U.S.S.G. § 4B1.2(a) because individuals can be convicted under that statute for reckless acts.

A "crime of violence" is defined in § 4B1.2 in two ways: "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

The District Court held that King's conviction under the Pennsylvania simple assault statute qualified as a crime of violence under § 4B1.2(a)(1). The District Court therefore deemed King a career offender and calculated his sentencing range under the

2

Federal Sentencing Guidelines ("Guidelines") as 140 to 175 months. King was subsequently sentenced to forty-eight months of imprisonment, which was the statutory maximum. He timely appealed.[1]

Our review of whether a crime constitutes a crime of violence is plenary. *See United States v. Stinson*, 592 F.3d 460, 462 n.1 (3d Cir. 2010). After King's sentencing, we held that "a conviction for mere recklessness cannot constitute a crime of violence" for purposes of determining a defendant's career offender status under the Guidelines. *See United States v. Lee*, --- F.3d ----, 2010 WL 2757340, at *17 (3d Cir. July 14, 2010). That holding applies to both definitions of crime of violence, i.e., whether the predicate offense is analyzed under § 4B1.2(a)(1) or § 4B1.2(a)(2). *See id.*; *see also United States v. Parson*, 955 F.2d 858, 866 (3d Cir. 1992) ("Use of physical force is an intentional act, and therefore the first prong of [§ 4B1.2(a)] requires specific intent to use force.").[2]

In a recent decision considering the Pennsylvania simple assault statute, we stated that although "an intentional or knowing violation of [that statute] is a crime of violence

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

[2] Notably, we have held that 18 U.S.C. § 16(a) and U.S.S.G. § 2L1.2, both of which employ language identical to that in § 4B1.2(a)(1) in defining a crime of violence, also require "'intent to use force.'" *United States v. Otero*, 502 F.3d 331, 335 (3d Cir. 2007) (assessing § 2L1.2 and quoting *Popal v. Gonzales*, 416 F.3d 249, 254 (3d Cir. 2005) (assessing §16(a))); *see also* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

3

under U.S.S.G. § 4B1.2(a)(2)[,]" that Pennsylvania statute also makes illegal reckless acts. *See United States v. Johnson*, 587 F.3d 203, 212 (3d Cir. 2009).[3] This presents difficulty for federal courts faced with sentencing a defendant with a Pennsylvania simple assault conviction because when deciding whether an offense is a crime of violence under § 4B1.2(a), courts are generally prohibited from "determin[ing] whether the actual conduct of the individual defendant constituted a purposeful, violent and aggressive act." *Id*. at 208 (internal quotation marks and citations omitted). We explained in *Johnson* that "[w]here a statute criminalizes different kinds of conduct, some of which would constitute crimes of violence while others would not, a court may look beyond the statutory elements to determine the particular part of the statute of which the defendant was actually convicted." *Id*. When the Government seeks to prove that a predicate offense that has been tried by a jury qualifies as a crime of violence, "a court is 'generally limited to examining the statutory definition, [the] charging document,'" *id*. (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)), and the "jury instructions [to see whether the jury was] actually required . . . to find all the elements of [a crime of

---

[3] We are disturbed that, in its brief, the Government neither (1) acknowledged to this panel its former position in *Johnson* that reckless acts cannot constitute crimes of violence under § 4B1.2(a)(2), nor (2) cited to the *Johnson* opinion, even though King's brief discussed that case at length.

Additionally, we note that after the opinions in *Johnson* and *Lee* our decision in *United States v. Dorsey*, 174 F.3d 331 (3d Cir. 1999), upon which the District Court relied, is no longer good law.

4

violence] in order to convict the defendant[,]" *Taylor v. United States*, 495 U.S. 575, 602 (1990).

"The government bears the burden of establishing, by a preponderance of the evidence, prior convictions and career offender status." *United States v. Howard*, 599 F.3d 269, 271-72 (3d Cir. 2010) (citing *Mitchell v. United States*, 526 U.S. 314, 330 (1999)). Following the *Johnson* decision, it is imperative to ascertain whether King's Pennsylvania conviction was based on intentional or reckless conduct.[4] However, the Government made no effort to produce appropriate documents from which the District Court might discern the part of the Pennsylvania simple assault statute under which King was convicted. As we stated in *Johnson*, "where the government has the burden of production and persuasion as it does on issues like enhancement of the offense level . . . , its case should ordinarily have to stand or fall on the record it makes the first time around

---

[4] The PSR states that the victim of King's assault "stated that [King] dragged [her] up the stairs of a residence, jumped on her, grabbed her by the neck, and struck her several times[,]" and that the "police report indicates that [King] then dragged the victim to a bedroom, where he again struck her." PSR ¶ 33. In *United States v. Siegel*, 477 F.3d 87, 93-94 (3d Cir. 2007), we held that a defendant who pled guilty to a predicate offense is deemed to have admitted factual allegations in a PSR by failing to object to them, and that such admissions can be used to determine whether that offense qualifies as a crime of violence. Although it appears that King did not object to the factual allegations above, because King was convicted after a jury trial and the record does not show whether the "facts" discussed in the PSR were in evidence, they cannot be used against him in this context. Indeed, the jury acquitted King of aggravated assault.

5

[and i]t should not normally be afforded a second bite at the apple." 587 F.3d at 213 (quoting *United States v. Dickler*, 64 F.3d 818, 832 (3d Cir. 1995) (internal quotation marks and citations omitted)).

Accordingly, we hold the District Court erred in treating King's conviction for simple assault as a crime of violence. Because we will remand for resentencing, it is unnecessary to address King's arguments regarding the substantive fairness of his sentence.

## II.

For the above stated reasons, we will vacate King's sentence and remand to the District Court for resentencing.