NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 10-4289
_____


UNITED STATES OF AMERICA

v.

JOHN KING, a/k/a Poor John

JOHN KING,
                    Appellant


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-07-cr-00479-013)
District Judge:  Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2011

Before:  SLOVITER, FUENTES and VANASKIE, *Circuit Judges*

(Filed: July 14, 2011)
_____


OPINION

SLOVITER, *Circuit Judge*.

Appellant John R. King, Sr. pled guilty to using a communication facility to facilitate felony drug trafficking in violation of 21 U.S.C. § 843(b). He was sentenced to 41 months imprisonment. He appeals the reasonableness of his sentence.[1] We will dismiss the appeal as moot.

In 2007, King was indicted for a number of crack cocaine-related offenses. In February 2009, following the return of a superseding indictment, King entered into a plea agreement on the § 843(b) count. The District Court found that King was a career offender and sentenced him to the statutory maximum of 48 months.

King appealed his career offender designation and this Court agreed, vacating the original sentence and remanding to the District Court for resentencing. *United States v. King*, 393 F. App'x 967, 969-70 (3d Cir. 2010). The District Court recalculated the guidelines range at 41-48 months, considered the § 3553(a) factors, and sentenced King to 41 months imprisonment plus one year supervised release.

King timely appealed. During the pendency of this appeal, King was released from incarceration and has been on supervised release since then.[2]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. Provided there is a live case or controversy, we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2] In his opening brief, filed January 19, 2011, King's attorney claims that "[a]t the time of this submission King has already served approximately 37 months of the 41 month sentence excluding any credit for good behavior," suggesting King was still incarcerated at that time. Appellant's Br. at 6 n.1. The Government responded that King was "released from FCI Williamsburg (South Carolina) on December 7, 2011 [sic]" and has been on supervised release since that date. Appellee's Br. at 12. King did not file a

2

The Government contends that this case is moot because King was released from incarceration and he challenges only the reasonableness of the sentence of imprisonment and does not challenge his conviction or the terms of his supervised release.[3] King does not respond to the Government's argument.

A case or controversy will exist where a defendant who is serving a term of supervised release elects to challenge only his sentence of supervised release. *United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008). However, a defendant who is serving a term of supervised release and challenges only his completed sentence of imprisonment "must show collateral consequences" in order to raise a live case or controversy under Article III of the Constitution such that a court will have jurisdiction over his appeal. *Id.* One such collateral consequence would be the possibility of a credit for improper imprisonment against a term of supervised release. *Id.* Because King challenges only his completed sentence of imprisonment and he has not alleged collateral consequences, we will dismiss his appeal as moot. *See Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009) ("Where . . . the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven.")

reply. According to the Federal Bureau of Prisons' Inmate Locator, available at http://www.bop.gov, King was released on December 7, 2010.

[3] King argues that his 41-month sentence is substantively unreasonable because the District Court failed to give meaningful consideration to the 18 U.S.C. § 3553(a) factors and failed to adjust King's sentence based on the crack/cocaine disparity.