PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-4748

———

UNITED STATES OF AMERICA

v.

ALPHONSE HOWARD,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cr-00021-1)
District Judge:  Honorable Gene E. K. Pratter

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2010

Before:  FUENTES and FISHER, *Circuit Judges*,
and CONNER,* *District Judge*.

———

*Honorable Christopher C. Conner, United States District
Judge for the Middle District of Pennsylvania, sitting by
designation.

(Filed: March 19, 2010 )

Kenneth C. Edelin, Jr.
Two Penn Center Plaza, Suite 1410
Philadelphia, PA  19102
        *Counsel for Appellant*

Joel D. Goldstein
Michelle Morgan-Kelly
Robert A. Zauzmer
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106

Paul Mansfield
286 Barwynne Road
Wynnewood, PA  19096
        *Counsel for Appellee*

———

OPINION OF THE COURT

———

FISHER, *Circuit Judge*.

Alphonse Howard ("Howard") appeals the District Court's determination that he was a career offender under U.S.S.G. § 4B1.1.  He argues that the District Court erred in relying on uncertified documents in determining that his two previous drug convictions were felonies.  We conclude that the

2

District Court was correct in referring to uncertified documents to establish prior convictions for sentencing purposes. Accordingly, the District Court's judgment will be affirmed.

I.

On March 15, 2006, law enforcement officials executed a search warrant on 5511 Haverford Avenue in Philadelphia, Pennsylvania. This residence, which was located within 1,000 feet of a school, was used by Howard to grow marijuana. Howard was arrested and subsequently pleaded guilty to: (1) manufacturing, and possession with intent to distribute, a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and (2) manufacturing, and possession with intent to distribute, a mixture and substance containing a detectable amount of marijuana within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a).

On September 8, 2008, at Howard's sentencing hearing, he objected to the conclusion of the Pre-Sentence Report that he was a career offender. He also argued that the government had impermissibly introduced uncertified documents as proof of prior drug convictions. These prior convictions, if established as felonies, would classify Howard as a career offender under U.S.S.G. § 4B1.1 and would enhance his offense level from 13 to 32.

Howard had previously been convicted on two separate occasions in Philadelphia County for possession with intent to distribute a controlled substance. He was sentenced to nine

3

months' probation for his March 7, 2000 conviction and one year of probation for his September 22, 2000 conviction. At the sentencing hearing in this case, the government offered certified copies of these convictions to establish that Howard was a career offender for sentencing purposes. The certified copy of the September 22, 2000 conviction, however, did not indicate whether Howard had pleaded guilty to a misdemeanor for possession of a controlled substance or a felony for conspiracy involving a controlled substance. The government subsequently conceded that the certified copy of conviction was ambiguous as to the exact offense to which Howard pleaded guilty, but argued that the Municipal Court of Philadelphia County Criminal Docket ("M.C. Docket") relating to Howard's September 22, 2000 case reflected that he had pleaded guilty to a felony. The M.C. Docket was not a certified document. The District Court granted the government's request to continue the sentencing hearing in order for the government to determine whether the transcripts from the September 22, 2000 guilty plea were available.

On December 3, 2008, the District Court re-convened the sentencing hearing. The government stated that the transcripts from the September 22, 2000 guilty plea were unavailable. Notwithstanding that unavailability, the District Court relied on the incomplete certified record of conviction and the uncertified M.C. Docket entries to conclude that Howard's September 22, 2000 guilty plea had indeed been for a felony, and thus that the career offender enhancement under U.S.S.G. § 4B1.1 was appropriate. Howard was then sentenced to a prison term of 148 months. This timely appeal followed.

4

## II.

The District Court had jurisdiction over this criminal matter pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. The question of what documents a district court may rely on to determine the nature of a prior conviction and the scope of a district court's authority to make factual findings are questions of law, *Shepard v. United States*, 544 U.S. 13, 16 (2005), which we review de novo, *United States v. Coward*, 296 F.3d 176, 179 (3d Cir. 2002).

## III.

Howard argues that the evidence presented by the government at sentencing was insufficient to establish that he was a career offender within the meaning of U.S.S.G. § 4B1.1.[1] Howard does not deny that he has two previous drug convictions. Instead he challenges the evidence the District

_____

[1]U.S.S.G. § 4B1.1 provides that a defendant is a career offender for sentencing purposes if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

5

Court relied on in making the determination that his September 22, 2000 conviction was a felony. Specifically, he argues that the Court improperly relied on the incomplete certified conviction and the uncertified M.C. Docket in determining his career offender status. Howard argues on appeal that a court must rely only on certified documents as evidence of prior convictions. We disagree.

The Federal Rules of Evidence do not apply in sentencing proceedings. Fed. R. Evid. 1101(d)(3). Instead, evidence presented at sentencing must have a "'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Miele*, 989 F.2d 659, 663 (3d Cir.1993) (quoting U.S.S.G. § 6A1.3(a)). Further, the fact of prior convictions is not an element of a crime and need not be found by a jury. *See Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998); *United States v. Ordaz*, 398 F.3d 236, 240-41 (3d Cir. 2005). The government bears the burden of establishing, by a preponderance of the evidence, prior convictions and career offender status. *Mitchell v. United States*, 526 U.S. 314, 330 (1999); *McMillan v. Pennsylvania*, 477 U.S. 79, 91-92 (1986). This Court has never established a *per se* rule that certified copies of a conviction must be offered by the government before a judge may determine a defendant's career offender status within the meaning of U.S.S.G. § 4B1.1. *See United States v. Watkins*, 54 F.3d 163, 168 (3d Cir. 1995).

In *Watkins*, the defendant argued "for a *per se* rule that certified copies of the judgments of conviction are required in every case before a sentencing court may determine that the defendant's prior convictions are for 'violent felonies'" under

6

the Armed Career Criminal Act ("ACCA"). *Id.* We specifically declined to adopt an "inflexible" *per se* rule. *Id.* Instead, we held that the district court did not err in relying on a presentence report to "ascertain with certainty the statutes of conviction . . . ." *Id. See also United States v. Chavaria-Angel*, 323 F.3d 1172, 1176 (9th Cir. 2003) (declining to establish a *per se* rule requiring the use of certified records). We concluded in *Watkins* that the district court properly determined from the presentence report the defendant's criminal history for purposes of sentencing under the ACCA.

The Eleventh Circuit was faced with a similar question in *United States v. Acosta*, 287 F.3d 1034 (11th Cir. 2002). The defendant in *Acosta* argued that "because the record of his prior adjudication [was] sealed, the government did not meet its burden" of establishing his prior conviction for sentence enhancement purposes because the government could not produce a certified copy of his adjudication. *Id.* at 1038-39. The government, however, presented an identical, uncertified copy of the prior adjudication. The Eleventh Circuit did not require the government to offer a certified document. Rather, that court concluded that the uncertified copy of the defendant's prior adjudication was sufficient to satisfy the government's burden. *Id.* at 1039; *see also United States v. Potter*, 895 F.2d 1231, 1238 (9th Cir. 1990) (declining to "foreclose the possibility that a defendant's conviction . . . might be established by some other form of clearly reliable evidence").

In satisfying its evidentiary burden to prove career offender status, the government may rely on certified copies of convictions. However, a court may also confirm a defendant's

previous convictions by relying on the terms of the plea agreement, the charging document, the transcript of colloquy between judge and defendant, or other comparable judicial records of sufficient reliability. *See Shepard v. United States*, 544 U.S. 13, 16 (2005) (holding that inquiry under the ACCA to determine statutory elements of prior conviction is limited to judicial records and may not include documents that simply state facts, such as police reports). Addressing this issue, other circuits assess whether the documents submitted have "sufficient indicia of reliability to support their probable accuracy such that the documents can be used as evidence of [a defendant's] prior conviction." *United States v. Neri-Hernandez*, 504 F.3d 587, 591 (5th Cir. 2007); *accord United States v. Felix*, 561 F.3d 1036, 1045 (9th Cir. 2009); *United States v. Zuniga-Chavez*, 464 F.3d 1199, 1204 (10th Cir. 2006).

In determining that Howard's September 22, 2000 conviction was a felony, the District Court in this case relied on an incomplete certified conviction record and M.C. Docket entries, both of which are "records of the convicting court."[2] *Shepard*, 554 U.S. at 23. The M.C. Docket stated that Howard was found guilty of "CSA-PWID-Conspiracy" and cites to "35[Pa. C.S.A]§780-113§§A30," which provides that possession of marijuana with the intent to deliver is punishable in Pennsylvania by a term of imprisonment not to exceed five years. From this language the District Court concluded that

---

[2]The M.C. Docket entry provided the District Court with evidence of the specific statute under which Howard was charged.

Howard's September 22, 2000 conviction qualified as a felony for purposes of career offender status.

These docket entries are the type of judicial records that are permissible for sentencing courts to use to establish past convictions for sentencing purposes. The fact that the certified conviction was incomplete and ambiguous as to the level of Howard's offense did not prohibit the District Court from looking to other reliable judicial records to establish the type of crime for which he was convicted.[3]

IV.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[3]We do note, however, that the government's ability to rely on various documents from the judicial record to establish past criminal convictions does not lighten its burden of proving the prior conviction by a preponderance of the evidence.