**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4473

UNITED STATES OF AMERICA

v.

JERRICK BART LIMEHOUSE,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00223-001)
District Judge: Hon. J. Curtis Joyner

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2010

BEFORE: SMITH, FISHER and COWEN, Circuit Judges

(Filed: July 7, 2010)

OPINION

COWEN, Circuit Judge

Jerrick Limehouse appeals the District Court's decision to enhance his sentence

under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). We will affirm.

**I.     BACKGROUND**

Limehouse pleaded guilty to one count of conspiracy, in violation of 18 U.S.C. § 371, and two counts of possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  During his plea colloquy, he reserved the right to challenge the applicability of the ACCA enhancement, but admitted that his record included three prior Pennsylvania convictions, one for burglary and two for drug-related offenses.

The presentence investigation report ("PSR") identified these three prior convictions and recommended a sentencing enhancement under the ACCA.  Limehouse challenged the inclusion of his 1991 conviction for possession with intent to distribute (CP 9112-4733) on the ground that the government failed to provide sufficient documentation that the conviction at issue qualified as a "serious drug offense" under the ACCA.[1]  Limehouse argued that the records submitted regarding that conviction are ambiguous as to whether he was convicted of a "serious drug offense" or a lesser drug-related charge.  The government's documentation included three certified records from the Common Pleas Court of Philadelphia related to Limehouse's conviction.  First, the record of conviction states that Limehouse was charged with:

---

[1]     Initially, he also challenged his 1990 conviction for possession with intent to distribute; however, he withdrew his objection to the inclusion of this conviction during sentencing.  Accordingly, our review is limited to his challenge to inclusion of the 1991 conviction (CP 9112-4733).

80109 - - KNOWING OR INTENTIONALLY POSSESSING A CONTROLLED SUBSTANCE 780-113)16)

80406 - - MANUFACTURE, DELIVERY OR POSSESSION WITH INTENT TO MANUFACTURE OR DELIVER A CONTROLLED SUBSTANCE 780-113)30)

This record did not specify the particular controlled substance at issue.

Second, the government submitted the information, or charging instrument, indicating that Limehouse was charged with three counts.[2] The first count asserts that Limehouse "UNLAWFULLY DID KNOWINGLY AND INTENTIONALLY POSSESS A CONTROLLED SUBSTANCE, TO WIT - COCAINE." The second states that Limehouse "FELONIOUSLY DID MANUFACTURE, DELIVER, OR POSSESS WITH INTENT TO MANUFACTURE OR DELIVER A CONTROLLED SUBSTANCE CLASSIFIED UNDER SCHEDULE I, II OR III." The third states that Limehouse "FELONIOUSLY DID MANUFACTURE, DELIVER, OR POSSESS WITH INTENT TO MANUFACTURE OR DELIVER A CONTROLLED SUBSTANCE CLASSIFIED UNDER SCHEDULE IV." Notably, the second and third counts are silent as to the particular substance involved.

The final document included in the certified records from the Common Pleas Court is the criminal complaint. It indicates that Limehouse was arrested for delivering

---

[2]   Initially, this document charged Limehouse with five counts, but two of these counts were crossed out and are not at issue on appeal.

3

one vial of crack cocaine to an informant and, upon arrest, was found to possess an additional thirteen vials of crack cocaine. This document was signed by the officer who arrested Limehouse.

In addition to these certified records, the government submitted a copy of Limehouse's written guilty plea for the 1991 conviction. The guilty plea identifies the crime charged as possession with intent to deliver and indicates that Limehouse faced a maximum term of imprisonment of ten years. Limehouse signed the guilty plea, as did his attorney, the prosecutor, and the judge.

The District Court reviewed these documents and permitted the parties to argue their positions during the sentencing hearing. Unpersuaded, the District Court rejected Limehouse's objection and enhanced his sentence under the ACCA, which resulted in a mandatory minimum term of imprisonment of fifteen years. The District Court determined that his base offense level was 32 and his criminal history category was six, thereby making his advisory guidelines range 210 to 262 months. The District Court sentenced him to a term of imprisonment of 216 months.

On appeal, Limehouse argues that the documentation of his 1991 conviction is ambiguous and as such, cannot be included in the District Court's ACCA analysis.[3]

---

[3]   Limehouse also argues that the District Court erred in overruling his objection to the PSR's inclusion of a four-level enhancement based on the use of a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6). The inclusion of this enhancement would result in the calculation of a base offense level of 32. Excluding consideration of the § 2K2.1(b)(6) enhancement, the same base level offense, 32, is

## II.     DISCUSSION

Under the ACCA, anyone who "violates section 922(g) . . . and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). The ACCA defines "serious drug offense" as including offenses "under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law . . . ." 18 U.S.C. § 924(e)(2)(A)(ii). Limehouse was charged with violating 35 Pa. Cons. Stat. § 780-113(a)(30). The maximum sentence that may be imposed under this statute varies depending upon the particular drug possessed. A conviction for the possession of cocaine would result in a maximum sentence of ten years; whereas, a conviction for other substances would result in a lower maximum sentence. *Compare* 35 Pa. Cons. Stat. § 780-113(f)(1), (1.1) *with* 35 Pa. Cons. Stat. § 780-113(f)(2)-(4).

Courts apply a categorical approach to determining whether a prior conviction qualifies as a serious drug offense. *Taylor v. United States*, 495 U.S. 575, 600 (1990) ("The Courts of Appeals uniformly have held that § 924(e) mandates a formal categorical

---

reached by the enhancement under the ACCA, which this Court will affirm. Accordingly, we decline to address Limehouse's § 2K2.1(b)(6) argument as our ruling on the ACCA enhancement is dispositive on the issue of the base offense level calculation.

5

approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.  We find the reasoning of these cases persuasive." (internal citations omitted)).  However, when adherence to the categorical approach does not resolve the court's inquiry as to the conviction obtained, a court may consider "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005); *see also United States v. Howard*, 599 F.3d 269, 272 (3d Cir. 2010) (explaining that to establish career offender status, "the government may rely on certified copies of convictions" as well as "the terms of the plea agreement, the charging document, the transcript of colloquy between judge and defendant, and other comparable judicial records of sufficient reliability" (citing *Shepard*, 544 U.S. at 16)).

As set forth above, neither the record of conviction nor the charging instrument definitively resolve the ambiguity as to whether Limehouse was arrested for possession of cocaine or some other substance, which could not serve as the basis of an enhancement under the ACCA.  Further, we cannot consider the arresting officer's complaint, even if it is a certified record.  *See Shepard*, 544 U.S. at 16 (holding that a sentencing court may not "look to police reports or complaint applications to determine whether an earlier guilty plea" qualified as a prior violent felony under the ACCA).

6

However, the written plea agreement resolves the ambiguity. It clearly states Limehouse was subject to a maximum sentence of ten years, which makes this prior drug-related conviction a "serious drug offense."

It appears that Limehouse challenges the authenticity of this document for the first time on appeal; however, as such, that challenge is waived. Moreover, this argument lacks merit. In signing the agreement, Limehouse acknowledged that he read the terms of the agreement and understood them. Indeed, the judge himself, in signing the agreement, certified that he explained the maximum sentence available, ten years, to Limehouse. Limehouse, his attorney, the prosecutor, and the judge each signed the agreement. There is nothing to suggest that this document is unreliable.

## III. CONCLUSION

As set forth above, we will affirm the District Court's determination to sentence Limehouse under the ACCA.