NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2030
_____

UNITED STATES OF AMERICA

v.

ROLAND SHERMAN,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-09-cr-00511-001)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2011

Before:  FISHER, JORDAN and COWEN, *Circuit Judges*.

(Filed: April 13, 2011 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Roland Sherman pled guilty to one count of assaulting a person with intent to

commit theft of property belonging to the United States, in violation of 18 U.S.C.

§ 2114(a), and one count of interference with commerce by threat or violence, in

violation of 18 U.S.C. § 1951(a). The District Court sentenced him to 188 months' imprisonment on each count to be served concurrently. On appeal, Sherman challenges the District Court's application of the career offender enhancement under U.S.S.G. § 4B1.1 and the reasonableness of his sentence. For the reasons set forth below, we will affirm.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of the case. Therefore, we will set forth only those facts necessary to our analysis.

On May 19, 2009, Sherman approached a postal clerk outside of the Ampere Station Post Office in East Orange, New Jersey. Sherman pointed a handgun at her head and demanded money. After forcing the clerk into the post office, he took approximately $7,500 in cash, checks, and money orders from the post office safe and $190 from the cash drawer. Before leaving the premises, Sherman ordered the clerk to get on the floor and duct taped her wrists behind her back.

Sixteen days later, Sherman robbed a Papa John's restaurant in Irvington, New Jersey. He walked into the restaurant, pointed a handgun at restaurant employees, and demanded money. He received approximately $150 from the cash register and fled.

A grand jury returned a two-count indictment charging Sherman with robbery of a federal employee, in violation of 18 U.S.C. § 2114(a), and obstructing commerce by

2

robbery, in violation of 18 U.S.C. § 1951. He pled guilty to the indictment pursuant to a plea agreement.

The Presentence Investigation Report ("PSR") calculated Sherman's initial base offense level at 27. He was placed in a criminal history category of VI, based on his significant criminal history dating back to 1979. Because Sherman qualified as a career offender under U.S.S.G. § 4B1.1, the offense level was adjusted to 34. Specifically, Sherman had prior convictions for armed robbery, conspiracy to commit robbery, unlawful possession of a weapon, attempted murder, aggravated assault, terroristic threats, and possession of a controlled dangerous substance with intent to distribute ("Possession with Intent"). Sherman then received a three-level decrease, in accordance with the plea agreement stipulation regarding acceptance of responsibility and cooperation. The PSR's final recommended offense level was 31.

At the sentencing hearing, Sherman objected to consideration of his alleged prior conviction for Possession with Intent. He argued that the conviction in question was for possession of a controlled dangerous substance rather than Possession with Intent. This fact, if true, would render him ineligible for a career offender enhancement under U.S.S.G. § 4B1.1. The Probation Officer did not provide a judgment of conviction for the offense, but instead provided a PSR and a parole discharge form indicating that Sherman's conviction was for Possession with Intent. Sherman argued that these documents did not suffice to prove the offense by a preponderance of the evidence.

3

The District Court overruled Sherman's objection and found that the two documents provided by the Probation Officer met the preponderance of the evidence standard. It stated:

> So, those are the two reports that were presented by the probation officer. And I don't disagree with [Sherman] that it would be best to have the judgment. But we have two state reports, they're official records, they both indicate that he was charged with intent to possess and distribute I guess. And as such, I think that[] meets the preponderance of the evidence. . . . So with regard to the career offender status, we'll include paragraph 101 because it's a crime of possession with intent to distribute.

(App. at 60.) Accordingly, the District Court calculated a Guidelines range of 188 to 235 months, and sentenced Sherman to a period of 188 months' imprisonment on each of the counts, to be served concurrently. Sherman timely appealed.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We apply an abuse-of-discretion standard and review a sentence for reasonableness, which requires that the sentence be both procedurally sound and substantively reasonable. *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008). "The question of what documents a district court may rely on to determine the nature of a prior conviction and the scope of a district court's authority to make factual findings are questions of law, which we review de novo." *United States v. Howard*, 599 F.3d 269, 271 (3d Cir. 2010) (internal citations omitted).

4

III.

Sherman raises two issues on appeal. First, he argues that the evidence presented by the government at sentencing was insufficient to establish that he was a career offender. Second, he argues that the District Court abused its discretion by failing to give adequate consideration to the plea agreement. We will address each contention in turn.

A.

Sherman argues that the evidence presented by the government at sentencing was insufficient to establish that he was a career offender within the meaning of U.S.S.G. § 4B1.1. Specifically, he denies that his prior conviction was for Possession with Intent, but instead argues that it was only for possession of a controlled dangerous substance. If Sherman is correct, the conviction would not qualify as a career offender predicate offense.

The Federal Rules of Evidence do not apply in sentencing proceedings. Fed. R. Evid. 1101(d)(3). Instead, the evidence must only bear "'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Miele*, 989 F.2d 659, 663 (3d Cir. 1993) (quoting U.S.S.G. § 6A1.3(a)). The government bears the burden to establish, by a preponderance of the evidence, proof of a defendant's prior convictions and his eligibility for career offender status. *Mitchell v. United States*, 526 U.S. 314, 330 (1999). The government may meet this burden by establishing "sufficient indicia of reliability [of submitted documents] to support their probable accuracy such that the documents can be

5

used as evidence of [a defendant's] prior conviction." *United States v. Neri-Hernandes*, 504 F.3d 587, 591 (5th Cir. 2007).

In *Howard*, we considered what forms of evidence the government may use to establish eligibility for career offender status. We held that the government had met its burden by submitting proof of conviction in the form of an incomplete certified conviction record and docket entries. More generally, we concluded:

> In satisfying its evidentiary burden to prove career offender status, the government may rely on certified copies of convictions. However, a court may also confirm a defendant's previous convictions by relying on the terms of the plea agreement, the charging document, the transcript of colloquy between judge and defendant, or other comparable judicial records of sufficient reliability.

599 F.3d at 272 (citing *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

In determining that Sherman's prior conviction was for Possession with Intent, the District Court relied on two pieces of evidence: (1) a PSR for the conviction and (2) a parole discharge form. Both pieces of evidence indicated that Sherman's conviction was for Possession with Intent. Undoubtedly, "it would be best to have the judgment" (App. at 60), but these mutually corroborating documents "are the type of judicial records that are permissible for sentencing courts to use to establish past convictions for sentencing purposes." *Howard*, 599 F.3d at 273. Thus, we reject Sherman's first contention.

### B.

Sherman next argues that the District Court abused its discretion in failing to give due consideration to the plea agreement. Specifically, Sherman argues that the plea

6

agreement stipulated to a total offense level of 27, and did not contemplate an enhancement under the career offender provision. This argument fails.

The plea agreement stated that "the parties agree that the total Guidelines offense level applicable to Roland Sherman is 27" (App. at 26), but it also stated simply and clearly:

> The sentence to be imposed upon Roland Sherman is *within the sole discretion of the sentencing judge*, subject to the provisions of the Sentencing Reform Act [] and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. *This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge*, or as to what sentence Roland Sherman ultimately will receive.

(*Id*. at 21) (emphasis added). Moreover, the District Court confirmed Sherman's understanding of the plea agreement at the plea hearing:

> So what you must understand now is that at this point in time it is impossible for either the Court or for your attorney to know precisely what the sentencing range will be prescribed by the guidelines.

(*Id*. at 47.) It continued:

> Once again, you understand that at the present time it is unlikely that your attorney can be specific as to the guidelines which will apply in your case because [your attorney] does not have all the necessary information; that is, he hasn't seen the presentence report.

(*Id*. at 48.)

Accordingly, Sherman expressly acknowledged that he understood his sentence could not be determined until after completion of the PSR. (*Id*. at 43-48.) The District

7

Court did not abuse its discretion in adopting the PSR recommendation, and we will affirm the District Court.

IV.

For the foregoing reasons, we will affirm the sentence of the District Court.