NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1893
_____

UNITED STATES OF AMERICA,

v.

ODELL ROBERT JOHNSON,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 02-cr-00656-001)
District Judge: Honorable Cynthia M. Rufe

_____

Submitted Under Third Circuit LAR 34.1(a)
April 28, 2011

_____

Before: SLOVITER, GREENAWAY, JR., and ROTH, Circuit Judges

(Opinion Filed: July 27, 2011)

_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

Appellant Odell Johnson ("Johnson") was resentenced, after United States v.

Booker, 543 U.S. 220 (2005), to 222 months of imprisonment after his conviction on

multiple counts of a federal indictment. The District Court for the Eastern District of Pennsylvania determined, after applying the career offender enhancement (U.S.S.G. § 4B1.1(a)), that Johnson was a career offender.[1] Johnson has two prior convictions for controlled substance offenses and one conviction for reckless endangerment. Johnson claims that the District Court erred in determining that two of his prior convictions satisfied the prerequisite for career offender status. We granted a certificate of appealability on the issue of Johnson's sentencing. For the reasons explained below, we find no error in the imposition of the § 4B1.1 enhancement and will affirm the District Court's judgment of conviction.

## I. BACKGROUND

We write primarily for the parties and recount only the essential facts.

On October 8, 2002, a federal grand jury returned an indictment charging Johnson with one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846; six counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); one count of use of a telephone to facilitate drug distribution, in violation of 21 U.S.C. § 843(b); and two counts of interference with interstate commerce by robbery, in violation of 18 U.S.C § 1951. On July 2, 2003, a jury convicted Johnson of all counts except the two Hobbs Act counts.

---

[1] A defendant qualifies as a career offender if: "(1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

On February 3, 2004, the District Court sentenced Johnson to 360 months of imprisonment, a term of eight years of supervised release, a fine of $2,500, and a special assessment of $800.[2] We denied Johnson's appeal of his conviction on January 21, 2005, and the Supreme Court denied his petition for certiorari on November 28, 2005. On November 13, 2006, Johnson filed a counseled 28 U.S.C. § 2255 petition seeking to vacate, set aside, and correct his sentence. On June 29, 2007, the District Court held an evidentiary hearing and subsequently denied the motion; however, the Court vacated Johnson's sentence and granted him a resentencing in light of Booker.

At resentencing, Johnson objected to his career offender classification. The convictions at issue were two 1991 convictions, stemming from 1986 and 1988 drug offenses,[3] as well as a reckless endangerment conviction in 2001. Johnson claimed, for the first time, that he did not remember whether he was present in 1991 when his section 17 probation was revoked and sentence was imposed for the 1986 drug offense.[4] He

---

[2] At the time of his initial sentencing, Johnson did not object to the predicate convictions qualifying him as a career offender.

[3] For his 1986 drug offense arrest, Johnson was sentenced to section 17 probation without a verdict. His probation was revoked on September 4, 1991, and a judgment entered with a resentence of 6 to 23 months. (Presentence Rep. at 6.)

[4] Section 17 probation entitles a person to probation without a verdict under certain conditions. It provides, in part,

> (1) . . . The court may, without entering a judgment, and with the consent of such person, defer further proceedings and place him on probation for a specific time period . . .

3

claimed that the Government failed to produce documents refuting his claim and showing that he was present. If absent, Johnson asserted that his due process rights would have been violated when the Court sentenced him in absentia. Johnson also argued that his conviction for reckless endangerment should not qualify as a crime of violence, pursuant to § 4B1.1.

The certified minutes from the September 4, 1991 revocation hearing reflect that a violation of probation hearing took place. Specifically, the minutes noted that "defendant [was] found to be in direct violation of his section 17 probation. Sentence: not less than six months, nor more than twenty-three months in Philadelphia County Prison with credit for time served." (App. at 143.) As the District Court noted, there was "[n]o mention that defendant [wa]s absent, defendant [wa]s absconded because [he] [was] in custody." (App. at 64.) Additionally, Johnson acknowledged that he was in custody at the time of the violation hearing. (Id.)

---

(2) Upon violation of a term or condition of probation, the court may enter a judgment and proceed as in any criminal case, or may continue the probation without verdict.

(3) Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal shall be without adjudication of guilt and shall not constitute a conviction for any purpose whatever, including the penalties imposed for second or subsequent convictions . . .

35 P.S. § 780-117 (1972).

The District Court rejected both of Johnson's arguments. [5] To his first point, it found that his "hazy memory d[idn't] fulfill [his] burden of proof," and that "[t]he documentation of certified court sheets, minute sheets, and corroborating documents in this record all confirm that [he was] present in Judge Carolyn [Temin's] courtroom when [Judge Temin's] violation of probation finding was made and the sentence pronounced." (App. at 66.)

Subsequently, pursuant to U.S.S.G. § 4B1.1, the District Court found that Johnson's offense level was 37 with a criminal history category of VI, producing a Sentencing Guidelines range of 360 months to life imprisonment. [6] On March 26, 2009, upon a Booker resentencing, the Court granted Johnson a downward variance and resentenced him to a reduced sentence of 222 months of imprisonment, eight years of supervised release, a $2,500 fine, and a special assessment of $800.

Johnson appealed his resentence to this Court. On August 18, 2010, we granted his request for issuance of a certificate of appealability regarding the District Court's resentencing.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction, pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. "When reviewing

[5] Without the enhancement, Johnson's total offense level would have been 26, making his Guidelines range 110-137 months of imprisonment.

[6] Johnson's counsel requested the file pertaining to the 1991 probation revocation, and though a transcript of a preliminary hearing was in the file, no other transcripts were found. (App. at 60.)

the sentencing decisions of the district courts, we exercise plenary review over legal questions about the meaning of the sentencing guidelines." United States v. Collado, 975 F.2d 985, 990 (3d Cir. 1992) (internal quotation marks omitted) (citing United States v. Fuentes, 954 F.2d 151, 152-53 (3d Cir. 1992)).  The question of which party bears the burden of proof is a matter of law and subject to plenary review, while the question of whether a party has met its burden of proof involves the district court's application of the evidence, reviewed for abuse of discretion.  See United States v. Gilbert, 20 F.3d 94, 98 (3d Cir. 1994).  We exercise plenary review over the district court's determination of whether a prior offense is a "crime of violence" under the U.S.S.G. § 4B1.2(a).  United States v. Johnson, 587 F.3d 203, 207 (3d Cir. 2009).

## III.  ANALYSIS

Johnson's principal argument is that he did not have the requisite two prior felony convictions to qualify as a career offender.

The Government concedes that Johnson's 2001 Pennsylvania conviction for reckless endangerment does not qualify as a crime of violence, subsequent to the Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008).[7]  Although "a government concession of law is not binding on this court," United States v. Marino, 682 F.2d 449, 455 (3d Cir. 1982), exercising plenary review, we agree.

---

[7] Johnson pled guilty in Montgomery County to recklessly endangering another person, in violation of 18 PA C.S. § 2705, and Possession/Safe/Use Display Documents in violation of 75 PA. C.S. § 7122.

6

This Court issued a decision in United States v. Lee, 612 F.3d 170, 196 (3d Cir. 2010) after this appeal was filed. There, we held that "following Begay, a conviction for mere recklessness cannot constitute a crime of violence." Id. at 196. Accordingly, Johnson's reckless endangerment conviction no longer qualifies as a crime of violence.

Johnson does not contest that his conviction for the 1988 drug offense qualifies as a predicate for career offender status. This determination leaves one issue, does the 1991 conviction also qualify as an appropriate predicate for career offender status? If so, the two predicate felonies required to satisfy § 4B1.1 are met.

Johnson asserts that he cannot remember being present at the time his section 17 probation was revoked, a guilty plea was entered, and he was sentenced to 6 to 23 months of imprisonment. As noted in his brief, he does not contest the conviction itself, he only claims that the Government, not he, has the burden of proof to show all facts necessary to increase his sentence, including proving that he was present at sentencing. The Government is deficient in its proofs, according to Johnson, because the transcript of the plea hearing and sentencing was not found in the case file; and "the government could not produce official documents proving that Johnson was present in the courtroom on September 4, 1991." (Appellant's Reply at 8.)

"The government bears the burden of establishing, by a preponderance of the evidence, prior convictions and career offender status." United States v. Howard, 599 F.3d 269, 271-72 (3d Cir. 2010) (citing Mitchell v. United States, 526 U.S. 314, 330 (1999)). "Once the government submits a certified copy of the defendant's prior

7

conviction into evidence or otherwise demonstrates that the defendant has a prior conviction, the burden shifts to the defendant to rebut the presumption of regularity which attaches to that prior conviction." Gilbert, 20 F.3d at 100.

Defendant has failed to proffer sufficient facts or evidence to rebut the presumption of regularity. In this case, Johnson argues that the official documentation submitted does not indicate that he was present at the revocation hearing when the court imposed sentence. This argument is unavailing.

The District Court properly assigned the burden to prove invalidity of the conviction for the 1986 offense to Johnson. As the District Court found, Johnson's "hazy memory doesn't fulfill [his] burden of proof." (App. at 66.) As noted above, the District Court also stated that all of the evidence before the Court led it to conclude that Johnson was present. Johnson has shown only that there was no transcript of the proceeding and his records failed to indicate whether he was present. A silent record as to Johnson's presence does not automatically shift the burden to the Government to prove his presence. See, e.g. United States v. Jones, 332 F.3d 688, 697 (3d Cir. 2003) (a silent record as to counsel's presence and participation did not automatically shift the burden to the government to prove that defendant was afforded counsel or waived that right); Parke v. Raley, 506 U.S. 20, 30 (1992) ("On collateral review, we think it defies logic to presume from the mere unavailability of a transcript . . . that the defendant was not advised of his rights."). The District Court did not abuse its discretion in finding that Johnson failed to meet his burden to show the invalidity of his underlying conviction.

8

Johnson also offers as evidence the fact that he is unable to recall being present at the hearing. The District Court did not abuse its discretion in finding that Johnson had failed to establish that his prior conviction suffered from a constitutional infirmity based on his alleged absence at the guilty plea and sentencing. See Cuppett v. Duckworth, 8 F.3d 1132, 1139 (7th Cir. 1993) (en banc) ("self-serving statements by a defendant that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity accorded state convictions.")

## IV. CONCLUSION

For the reasons discussed above, we will affirm Johnson's sentence. Although Johnson's reckless endangerment conviction was not a crime of violence, Johnson failed to establish that his 1991 conviction was invalid based on his alleged absence at the guilty plea and sentencing. In light of Johnson's second predicate felony conviction, therefore, we will affirm the District Court's judgment of conviction.