NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2600
_____

UNITED STATES OF AMERICA

v.

DERICK ANTONION TAYLOR,
a/k/a Derrick Antonio Taylor,
a/k/a Derrell Travis,
a/k/a Wakil

Derrick Taylor,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of  Pennsylvania
District Court  No. 2-09-cr-00567-001
District Judge: The Honorable R. Barclay Surrick
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 14, 2011

Before: SLOVITER, SMITH, and NYGAARD, *Circuit Judges*

(Filed:  September 16, 2011)
_____

OPINION
_____

1

SMITH, *Circuit Judge.*

A jury found Derick Antonion Taylor guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  At sentencing, the United States District Court for the Eastern District of Pennsylvania concluded that Taylor qualified for the sentencing enhancement required by the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and sentenced Taylor to, *inter alia*, 200 months of imprisonment.  This timely appeal followed.[1]

Taylor contends that his conviction should be set aside as the evidence was insufficient to establish the element of possession.  He also asserts that the District Court erred by concluding that one of his prior convictions qualified as a predicate offense for the ACCA sentencing enhancement.  In addition, he submits that the sentence he received was unreasonable.  We will affirm.

We "review[] the sufficiency of the evidence in the light most favorable to the government and must credit all available inferences in favor of the government."  *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998).  If a rational juror could have found the elements of the crime beyond a reasonable doubt, we must sustain the verdict. *United States v. Cartwright*, 359 F.3d 281, 286 (3d Cir. 2004).  In light of Officer Eiserman's testimony, we conclude that the

---

[1]  The District Court had jurisdiction under 18 U.S.C. § 3231.  Appellate jurisdiction exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

evidence was sufficient to establish the element of possession necessary to sustain a conviction under 18 U.S.C. § 922(g)(1).

Under the ACCA, a person convicted of violating § 922(g)(1) is subject to a mandatory minimum sentence of 15 years if he "has three previous convictions . . . for a violent felony or a serious drug offense[.]" 18 U.S.C. § 924(e)(1). The statutory definition of "serious drug offense" includes state law crimes "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance[.]" 18 U.S.C. § 924(e)(2)(A)(ii). A conviction for mere possession, however, does not constitute a "serious drug offense."

At sentencing, Taylor conceded that he had two violent felony convictions. Although he acknowledged he had a 1991 drug conviction, he asserted that the certified record of conviction failed to clearly indicate whether that conviction was for mere possession or for possession with intent to distribute (PWID) cocaine. In his view, the lack of clarity in the certified record could not be remedied by reference to the uncertified docket obtained by the Administrative Office of the Pennsylvania Courts (AOPC). As a result, he argued that the government had failed to meet its burden of proving that he was an armed career criminal subject to the ACCA's sentencing enhancement.

Whether the documents proffered by the government establish that a prior conviction qualifies as a "serious drug offense" under the ACCA is a question of

law subject to plenary review. *United States v. Jones*, 332 F.3d 688, 690-91 (3d Cir. 2003). Here, the certified record referenced both possession of cocaine in violation of 35 Pa. Cons. Stat. § 780-113(a)(16) and PWID cocaine in violation of 35 Pa. Cons. Stat. § 780-113(a)(30), stated that Taylor was "adjudged guilty," and that his sentence for the "[f]irst count merge[d]" with the sentence for the second count.[2] As a consequence, the certified record demonstrates that Taylor's 1991 conviction was for both possession and PWID cocaine. The uncertified docket confirms this conclusion as it references the two criminal offenses, cites the statutory subsections, and reflects the imposition of a single sentence on the PWID count.[3] Accordingly, we conclude that the District Court correctly determined that Taylor's 1991 drug conviction was for PWID and that it qualified as a "serious

---

[2] The doctrine of merger under Pennsylvania law applies only when "the elements of the lesser crime are all included within the elements of the greater crime, and the greater offense includes at least one additional element which is different[.]" *Commonwealth v. Anderson*, 650 A.2d 20, 24 (Pa. 1994). Merger was appropriately invoked by the state trial court because proof of PWID requires proof of possession, plus intent to distribute it. *Commonwealth v. Campbell*, 614 A.2d 692, 699 (Pa. Super. Ct. 1992).

[3] Although the certified record was sufficient to demonstrate that Taylor's 1991 drug conviction qualified as a "serious drug offense" under § 924(e), we note that consideration of the uncertified docket from the AOPC was not improper in light of our decision in *United States v. Howard*, 599 F.3d 269 (3d Cir. 2009). There, we concluded that the District Court did not err by referring to the uncertified docket of the Municipal Court of Philadelphia County in order to determine if the defendant was a career offender. *Id.* at 271-72. We pointed out that we had never established a per se rule that only certified copies of a conviction may be offered by the government in order to demonstrate a defendant's status as a career offender. *Id.* at 272. The uncertified docket entries were, we declared, "the type of judicial records that are permissible for sentencing courts to use to establish past convictions for sentencing purposes." *Id.* at 273.

4

drug offense" for ACCA purposes.

Finally, we address Taylor's challenge to the reasonableness of his sentence. We review for procedural error and substantive reasonableness, applying an abuse of discretion standard to both inquiries. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). We discern no procedural error by the District Court. The transcript of the sentencing hearing demonstrates that the Court gave meaningful consideration of the factors set forth in 18 U.S.C. § 3553(a), and its reasons for imposing the 200 month sentence are "logical and consistent with the factors set forth in [§] 3553(a)." *United States v. Cooper*, 432 F.3d 324, 330 (3d Cir. 2006). Accordingly, there is no basis for disturbing the District Court's judgment.

We will affirm.