**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3832
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER YOUNG,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-06-cr-00710-002
District Judge: The Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 8, 2011

Before: SCIRICA, SMITH, and JORDAN, *Circuit Judges*

(Filed: November 9, 2011)

_____

OPINION
_____

SMITH, *Circuit Judge.*

Christopher Young pled guilty to Hobbs Act Robbery and conspiracy to

commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a), and to carrying a

firearm during a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 2, 924(c)(1). After the District Court accepted Young's plea, Young filed multiple motions to withdraw his plea. The District Court denied these motions. Based on two prior felony convictions, the District Court classified Young as a career offender under U.S.S.G. § 4B1.1 and sentenced him, *inter alia*, to 280 months imprisonment. Young timely appeals his sentence, arguing that he should not have been sentenced as a career offender. Young also appeals the District Court's Order denying his motions to withdraw his plea.[1] We will affirm.

Young argues that the District Court could not qualify him as a career offender under § 4B1.1 because one of the statutes under which he had been convicted was disjunctive—*i.e.*, the statute under which Young was convicted can be violated in many different ways, some of which would qualify as felonies under § 4B1.1, some of which would not. We exercise plenary review over the district court's decision to sentence Young as a career offender based on his prior convictions. *United States v. Johnson*, 587 F.3d 203, 207 (3d Cir. 2009).

It is true that a sentencing court should initially look to the statute of conviction to determine whether a conviction was a felony, as opposed to a misdemeanor, for purposes of § 4B1.1. *Id.* at 208-09. If the statute of conviction is disjunctive, however, and the statute alone does not conclusively indicate

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise

2

whether the conviction was for a felony or a misdemeanor, the sentencing court may look beyond the statute to certain other documents in the record. *Shepard v. United States*, 544 U.S. 13, 26 (2005).

The record presented to the District Court included a criminal complaint and a certified record of the state court judgment. The District Court was entitled to consider both documents to determine whether Young's convictions were felonies that qualified Young as a career offender. *Id.*; *United States v. Howard*, 599 F.3d 269, 272 (3d Cir. 2010) (holding that a district court may "rely[ ] on the terms of the plea agreement, the charging document, the transcript of colloquy between judge and defendant, or other comparable judicial records of sufficient reliability"). Because these documents conclusively showed that Young's prior convictions qualified as felonies, the District Court did not err by sentencing him as a career offender.

Young also argues that the District Court erred by denying his motions to withdraw his plea prior to sentencing. We review for an abuse of discretion. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). A district court must consider three factors when evaluating a motion to withdraw a plea: (1) whether the defendant meaningfully asserts actual innocence; (2) the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by

jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

withdrawal.  *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001).

With respect to the first factor, Young does argue that he is actually innocent of the crime to which he pled.  However, "[b]ald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea."  *Jones*, 336 F.3d at 252.  Rather, Young "must [ ] not only reassert innocence, but must give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial."  *Id.* at 253 (quoting *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992), *superseded by statute on other grounds, as recognized by United States v. Maurer*, 639 F.3d 72, 78 n.4 (3d Cir. 2011)).  He has not done so here, having "made a blanket assertion of innocence . . . , but offer[ing] no credible facts in support of his claim."  *Jones*, 336 F.3d at 253.

As to the second factor, Young claims that he should have been allowed to withdraw his plea because his plea was not voluntary and intelligent, due to ineffective assistance of counsel.[2]  Specifically, Young argues that counsel was ineffective for informing him that he would be sentenced as a career offender based on his prior felony convictions.  To succeed on this appeal, Young must

---

[2] Although defendants generally cannot challenge the adequacy of counsel on direct appeal, this case fits into the "narrow exception to the rule . . . [w]here the record is sufficient to allow determination of ineffective assistance" because the District Court specifically held a hearing as to the adequacy of Young's counsel

show, among other things, that counsel's performance was deficient. *Premo v. Moore*, -- U.S. --, 131 S. Ct. 733, 743 (2011). Counsel's performance is deficient where that performance fails to meet an objective standard of reasonableness. *Werts v. Vaughn*, 228 F.3d 178, 202 (3d Cir. 2000). Counsel's performance is objectively reasonable where counsel's advice is legally correct. As discussed above, Young did, in fact, qualify as a career offender. Counsel's advice was thus legally correct, and counsel's performance was not deficient.

Finally, as to the third factor, "the Government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea." *Jones*, 336 F.3d at 255. Accordingly, the District Court did not abuse its discretion in denying his motions to withdraw his plea.

Young has not shown that the District Court either erred in sentencing him as a career offender, or abused its discretion in denying his motions to withdraw his guilty plea. We will affirm the District Court's judgment.

---

prior to sentencing. *Jones*, 336 F.3d at 254 (quoting *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991)).

5