**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2072

_____

UNITED STATES OF AMERICA

v.

TIMOTHY WILSON,
a/k/a WILLIAM GURLEY,
a/ka/ TIMMOTHY WILSON,
a/k/a WILLIAM WILSON,
a/k/a TIMOTHY GURLEY WILSON,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-12-cr-00009-001)
District Judge: Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 4, 2024

Before: JORDAN, HARDIMAN, and PORTER, *Circuit Judges*.

(Filed: September 12, 2024)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Timothy Wilson appeals the District Court's order denying his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. We will affirm.[1]

I

A jury found Wilson guilty of one count of possession by a felon of a firearm or ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). The District Court determined Wilson had three predicate convictions for violent felonies, applied the Armed Career Criminal Act's mandatory-minimum sentence of fifteen years' imprisonment, 18 U.S.C. § 924(e)(1), and sentenced Wilson to 262 months' imprisonment on the § 922(g)(1) conviction. Wilson's § 2255 motion challenges the District Court's application of ACCA's enhanced penalties.

II

At issue in this appeal is whether Wilson's prior Pennsylvania convictions for three separate robberies in violation of 18 Pa. Cons. Stat. § 3701(a)(1) constitute the three requisite violent felonies under ACCA. As the Government concedes, a conviction under subsection (i) of § 3701(a)(1) does not. *See Borden v. United States*, 593 U.S. 420, 444 (2021) (where crime can be committed with a mens rea of recklessness it is not a violent felony under ACCA). And we recently held that a conviction under subsection (ii) of

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2255(a). We have jurisdiction under 28 U.S.C. § 2253(a).

2

§ 3701(a)(1) does. *United States v. Henderson*, 80 F.4th 207, 212 (3d Cir. 2023). So our decision here turns on which of these two subsections Wilson was convicted under.

To answer the question, we consider statutory elements, charging documents, and the plea colloquy. *See Shepard v. United States*, 544 U.S. 13, 16, 20 (2005); *see also United States v. Howard*, 599 F.3d 269, 272 (3d Cir. 2010) (courts may consider documents specified in *Shepard* and "comparable judicial records of sufficient reliability").

Wilson argues that the *Shepard* documents show either that he was convicted under subsection (i), or it is unclear under which of the two subsections he was convicted. The Government contends that the *Shepard* documents establish that Wilson was convicted under Section 3701(a)(1)(ii) in at least three separate robbery cases.

The documents Wilson urges us to consult, at first blush, seem equivocal as to which subsection Wilson was convicted under. But on careful examination of the *Shepard* documents, they confirm that Wilson was convicted under subsection (ii).

Wilson appeared in the Court of Common Pleas of Allegheny County on August 29, 2007 to plead guilty to five crimes charged by information. Four of those crimes are at issue and were listed simply as "Robbery-Inflict Serious Bodily Injury" on the docket face sheets and as "robbery – serious bodily injury" on the signed plea forms. App. 78, 87, 96, 106 (face sheets); App. 76, 85, 94, 104 (plea forms). The almost identical heading "ROBBERY-SERIOUS BODILY INJURY" appears in each criminal information. Supp. App. 13, 14, 15, 16. But the parties agree—and review of the criminal informations confirms—that all four charge *as stated in their body* that Wilson violated "Section

3

3701(a)(1)(i) *or* (ii)." *Id.* (emphasis added). And each plea form signed by Wilson states he "pleads guilty plea to the preferred charge<u>s</u> in the within information." App. 76, 85, 94, 104 (emphasis added). So the docket face sheets listing only Section 3701(a)(1)(i) and the plea forms referring simply to "robbery – serious bodily injury" do not answer the question of which of the two subsections of the robbery statute Wilson was convicted under. For that answer we must consider the closest analog to jury instructions—the transcript of the state court plea colloquy, *see Shepard*, 544 U.S. at 20, which here also included Wilson's sentencing.

The Government points us to the portions of the transcript where, as required by Pennsylvania law, *see Commonwealth v. Anthony*, 475 A.2d 1303, 1307–08 (Pa. 1984), the prosecutor explained the factual bases of the guilty pleas as to the four cases, after which Wilson's counsel asked the court to accept the plea agreement she had negotiated. And when given the opportunity, Wilson did not contradict the recitation of the factual basis for his pleas. *See Commonwealth v. Morrison*, 878 A.2d 102, 106 (Pa. Super. 2005) ("Appellant entered a guilty plea; *ipso* facto, he admitted to the details of the crimes outlined in the factual basis."); *see also United States v. Taylor*, 659 F.3d 339, 348 (4th Cir. 2011) (factual recitation assented to by counsel as to which defendant declined opportunity to make corrections himself sufficed). For three of the four robbery convictions, the prosecutor's description of the factual basis included Wilson's display of the weapon and demand for money and belongings but included no description of any bodily injury, much less the "serious bodily injury" required to sustain a conviction under Section 3701(a)(1)(i).

4

In sum, we know from the guilty pleas and transcript of the sentencing colloquy that Wilson was convicted under Section 3701(a)(1)(ii) in at least three separate cases. So the District Court did not err in holding Wilson was subject to ACCA. We will therefore affirm.