**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2604
_____

UNITED STATES OF AMERICA

v.

GERMAINE KELLY,
                                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-16-cr-00031-001)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 8, 2024

Before: KRAUSE, BIBAS, and SCIRICA, *Circuit Judges*

(Filed: December 18, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Germaine Kelly appeals the District Court's imposition of a career offender enhancement pursuant to U.S.S.G. § 4B1.1, after he pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Discerning no error, we will affirm.

## I. DISCUSSION[1]

Under U.S.S.G. § 4B1.1, a defendant may be sentenced as a career offender when the instant offense "is a felony that is either a crime of violence or a controlled substance offense" and the defendant has at least two such prior convictions. U.S.S.G. § 4B1.1(a). Here, Kelly does not dispute the District Court's determination that the instant offense was a crime of violence or that his 2002 narcotics conviction qualifies as a first predicate offense. Rather, he claims the Court erred in determining that his 2005 robbery conviction, in violation of 18 Pa. Cons. Stat. § 3701, qualifies as a second. Specifically, he argues that the record establishes a first-degree felony under § 3701, which is not necessarily a crime of violence,[2] rather than a specific violation of § 3701(a)(1)(ii), which

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

[2] The Pennsylvania robbery statute does not "set[] out a single . . . set of elements to define a single crime." *Mathis v. United States*, 579 U.S. 500, 504–05 (2016). Instead, it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Id.* at 505. Not all the crimes defined under § 3701 are crimes of violence. *See United States v. Blair*, 734 F.3d 218, 225 (3d Cir. 2013) (internal quotations omitted) (noting that subsection (iii) "criminalizes robbery wherein the perpetrator commits or threatens immediately to commit any" first- or second-degree felony, and some first- and second-degree felonies "involve no violence").

2

"involves the requisite force and mens rea to qualify." *United States v. Henderson*, 80 F.4th 207, 215 (3d Cir. 2023), *cert. denied*, 144 S. Ct. 1379 (2024).

We review Kelly's challenge to the application of the career offender enhancement de novo. *United States v. Quinnone*s, 16 F.4th 414, 417 n.2 (3d Cir. 2021).[3] Our task is to "identify the specific statutory provision" under which Kelly was convicted by applying the modified categorical approach. *United States v. Amos*, 88 F.4th 446, 457 (3d Cir. 2023). We may rely on "a limited class of documents" to settle this inquiry, including "the indictment, jury instructions, or plea agreement and colloquy." *Mathis v. United States*, 579 U.S. 500, 505–06 (2016). To justify the sentencing enhancement, these materials must "speak plainly" and show that Kelly was convicted under § 3701(a)(1)(ii). *Id.* at 519.

To establish the specific statute of conviction, the Government points to the four criminal informations from Kelly's Pennsylvania robbery convictions, the plea transcript of the 2005 conviction,[4] and the affidavits of probable cause. The Government has met its burden to show that Kelly was convicted in 2005 for violating § 3701(a)(1)(ii).

---

[3] The Government argues for plain error review, claiming that Kelly forfeited his argument that the documents related to his Pennsylvania robbery conviction were ambiguous but Kelly's counsel explicitly argued at sentencing that "[t]he Pennsylvania documents provided by the government . . . do not note a specific subsection of robbery." App. 130-31. In any event, the District Court did not commit any error, let alone plain error.

[4] Though the government did not introduce the plea colloquy in the District Court, Appellant does not dispute the authenticity of the transcript, and we will take judicial notice of it as a document "not subject to reasonable dispute." Fed. R. Evid. 201(b).

We start with the criminal informations, which would suffice, even without the additional evidence before us, to establish that Kelly was convicted of § 3701(a)(1)(ii) and is validly subject to the sentencing enhancement. Each information states: "the above-named defendant did in the course of committing a theft…" and then lists several alternative actions. App. 169, 180, 207, 234. The second action in this list, corresponding to "[t]hreaten, or intentionally put [the victim] in fear of immediate serious bodily injury" is then circled by hand—a categorical match to § 3701(a)(1)(ii). *Id.* And each of the four documents was signed by Kelly himself.

The external evidence offered by the Government—the plea transcript and the probable cause affidavit to which it refers—merely corroborates what the informations show on their face. As reflected in the transcript of the plea proceeding, the prosecutor referenced four probable cause affidavits as "the factual basis" for the plea, *see* Supp. App. at 8-9, and Kelly's counsel neither objected to that offer nor contested any specific facts within them, *see* Supp. App. at 9.[5] The affidavits, in turn, describe conduct that satisfies § 3701(a)(1)(ii)'s elements of "threaten[]" or "intentionally put[]" his victims "in fear of immediate serious bodily injury," namely, that Kelly brandished a handgun and demanded money. By doing so, he "intentionally put[]" his victims "in fear of immediate serious bodily injury," the action prohibited by § 3701(a)(1)(ii).

---

[5] Affidavits of probable cause are not themselves *Shepard* documents but may be considered in the context of the modified categorical approach when incorporated into a plea transcript. *See Parilla v. Gonzales*, 414 F.3d 1038, 1044 (9th Cir. 2005).

Kelly argues the handwritten circles on the criminal informations should not be considered as a due process matter because they are insufficiently reliable. But "sufficient indicia of reliability" are present here. *United States v. Howard*, 599 F.3d 269, 271 (3d Cir. 2010). The handwritten circles are consistent across all four informations and each document was signed by Kelly himself. The meaning of those notations is corroborated by the plea transcript (the authenticity of which Kelly does not dispute) and the affidavits to which it refers. *See United States v. Beasley*, 442 F.3d 386, 394 (6th Cir. 2006) (determining that "CA:M2" notation on state judgment of conviction meant "criminal attempt, second degree murder" based on "basic common sense" and as corroborated through non-*Shepard* evidence). It is not sufficient for the defendant to "merely hint[] at some lingering metaphysical doubt as to the translation of the [the notation] . . . without supplying any factual basis for this challenge or suggesting some other plausible meaning for this notation." *Id.* at 393.

In sum, because Kelly's 2005 robbery conviction meets the criteria for a "crime of violence" under U.S.S.G. § 4B1.1, he qualifies as a career offender, and the District Court properly applied the enhancement.

## II. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.